**FILED**
**NOVEMBER 8, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARION MISIAK and<br>MARY BETH MISIAK,<br><br>Plaintiffs,<br><br>v.<br><br>MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P&H Cranes, P&H CRANES, individually and as a division of Morris Material Handling, Inc.., WHITING CORPORATION, a foreign corporation, HUBBELL INCORPORATED, a foreign corporation, d/b/a Gleason Reel Corp., and GLEASON REEL CORP., a foreign corporation, a/k/a GRC International, individually and as a division of Hubbell Incorporated,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **07 C 6330**<br><br>No.<br><br>PLAINTIFFS DEMAND<br>TRIAL BY JURY<br><br>**JUDGE DARRAH**<br>**MAGISTRATE JUDGE NOLAN**<br><br>**LI** |

### COMPLAINT AT LAW

NOW COMES the Plaintiffs, MARION MISIAK and MARY BETH MISIAK, by and through their attorneys, ROMANUCCI & BLANDIN, LLC, and complaining of Defendants, MORRIS MATERIAL HANDLING, INC. d/b/a P&H Cranes, P&H CRANES, WHITING CORPORATION, HUBBELL INCORPORATED d/b/a Gleason Reel, and GLEASON REEL CORP. a/k/a GRC International, states as follows:

### Jury Demand

1. Plaintiffs hereby demand a 12 person jury trial.

1

## The Parties

1. Plaintiffs, Marion Misiak and Mary Beth Misiak are residents of the City of Demotte, located in Jasper County, Indiana.

2. Marion Misiak, a/k/a Mitch Misiak is a resident of the City of Demotte, located in Jasper County, Indiana.

3. Defendant, Morris Material Handling, Inc., d/b/a P&H Cranes, is Delaware corporation with its principle place of business located in Oak Creek, Wisconsin, doing business throughout the State of Illinois.

4. Defendant, P&H Cranes is a division and/or a d/b/a of Morris Material Handling, Inc., a Delaware corporation with its principle place of business located in Oak Creek, Wisconsin, doing business throughout the State of Illinois.

5. Defendant, Whiting Corporation is a Delaware Corporation with its principle place of business located in Monee, Illinois, and doing business throughout the State of Illinois.

6. Defendant, Hubbell Incorporated, d/b/a Gleason Reel Corp. is a Delaware Corporation with its principle place of business located in Orange, Connecticut, doing business throughout the State of Illinois.

7. Defendant, Gleason Reel Corp., a/k/a GRC International, is a Delaware Corporation with its principle place of business in Mayville, Wisconsin, doing business throughout the State of Illinois.

## Jurisdiction and Venue

1. Jurisdiction over this matter is predicated upon 28 U.S.C. § 1332, based on diversity of citizenship.

2. Venue of this action is predicated upon 28 U.S.C. § 1391. Defendants are subject to *in personam* jurisdiction of this Court, and venue is proper herein, by virtue of the fact that Defendants did and/or are doing business within the State of Illinois.

## COUNT I
## MORRIS MATERIAL HANDING, INC. and P&H CRANES
## NEGLIGENCE

1. That on or about November 7, 2006, and at all times relevant hereto, Plaintiff, Mary Beth Misiak was a resident of the City of Demotte, located in Jasper County, Indiana.

2. That on or about November 7, 2006, and at all times relevant hereto, Marion Misiak, a/k/a Mitch Misiak was a resident of the City of Demotte, located in Jasper County, Indiana.

3. That on or about November 7, 2006, and at all times relevant hereto, Defendant, Morris Material Handling, Inc., d/b/a P&H Cranes, (hereinafter referred to as "Morris") was a Delaware corporation with its principle place of business located in Oak Creek, Wisconsin, and was doing business throughout the State of Illinois.

4. That on or about November 7, 2006, and at all times relevant hereto, Defendant, P&H Cranes (hereinafter referred to as "P&H"), was a division and/or a d/b/a of Morris Material Handling, Inc., a Delaware corporation with its principle place of business located in Oak Creek, Wisconsin, and was doing business throughout the State of Illinois

5. That on or about November 7, 2006, Defendant Morris provided crane maintenance to Union Tank Car at its location in East Chicago, Indiana.

6. That on or about November 7, 2006, Defendant P&H provided crane maintenance to Union Tank Car at its location in East Chicago, Indiana.

7.  That on or about November 7, 2006, Defendant Morris provided crane inspection to Union Tank Car at its location in East Chicago, Indiana.

8.  That on or about November 7, 2006, Defendant P&H provided crane inspection to Union Tank Car at its location in East Chicago, Indiana.

9.  That on or about November 7, 2006, Defendant Morris provided crane repair services to Union Tank Car at its location in East Chicago, Indiana.

10. That on or about November 7, 2006, Defendant P&H provided crane repair services to Union Tank Car at its location in East Chicago, Indiana.

11. That on or about November 7, 2006, and at all times relevant herein, Marion Misiak was employed by Union Tank Car as a welder.

12. That on or about November 7, 2006, Marion Misiak was working in the vicinity of a crane that had been serviced by Defendants, Morris and/or P&H, at Union Tank Car's location in East Chicago, Indiana.

13. Than on said date at said location, a crane carrying the metal jacket of a railroad tank car failed.

14. That on said date at said location, a cable on the aforesaid crane broke.

15. That the aforesaid metal jacked fell when said cable broke.

16. That the aforesaid metal jacket struck Plaintiff, Marion Misiak.

17. That on or about November 7, 2006, and at all times relevant herein, Defendant, Morris had a duty to exercise reasonable care in providing crane maintenance, inspection and/or repair services to Union Tank Car at its location in East Chicago, Indiana so as to render any serviced crane in safe working order.

4

18. That on or about November 7, 2006, and at all times relevant herein, Defendant, P&H had a duty to exercise reasonable care in providing crane maintenance, inspection and/or repair services to Union Tank Car at its location in East Chicago, Indiana so as to render any serviced crane in safe working order.

19. That on or about November 7, 2006, and at all times relevant herein, Defendant Morris had a duty to exercise reasonable care in providing crane maintenance, inspection and/or repair services to Union Tank Car at it location in East Chicago, Indiana so as not to create any hazardous or dangerous conditions and/or defects at said location.

20. That on or about November 7, 2006, and at all times relevant herein, Defendant P&H had a duty to exercise reasonable care in providing crane maintenance, inspection and/or repair services to Union Tank Car at it location in East Chicago, Indiana so as not to create any hazardous or dangerous conditions and/or defects at said location.

21. That on or about November 7, 2006, and at all times relevant herein, Defendant Morris had a duty to exercise reasonable care in providing crane maintenance, inspection and/or repair services to Union Tank Car at its location in East Chicago, Indiana, so as to prevent injury to users of any serviced crane.

22. That on or about November 7, 2006, and at all times relevant herein, Defendant P&H had a duty to exercise reasonable care in providing crane maintenance, inspection and/or repair services to Union Tank Car at its location in East Chicago, Indiana, so as to prevent injury to users of any serviced crane.

23. That on or about November 7, 2006, and at all times relevant herein, Defendants Morris had a duty to properly inspect their maintenance, inspection, or repair services, provided

to Union Tank Car at its location in East Chicago, Indiana, so as to ensure said services were free from defect.

24. That on or about November 7, 2006, and at all times relevant herein, Defendants P&H had a duty to properly inspect their maintenance, inspection, or repair services, provided to Union Tank Car at its location in East Chicago, Indiana, so as to ensure said services were free from defect.

25. That on or about November 7, 2006, and at all times relevant herein, Defendant Morris had a duty to inform Union Tank Car of any unsafe crane uses and applications that were evident from the physical appearance of the crane, and to ensure that those unsafe uses and applications were remedied.

26. That on or about November 7, 2006, and at all times relevant herein, Defendant P&H had a duty to inform Union Tank Car of any unsafe crane uses and applications that were evident from the physical appearance of the crane, and to ensure that those unsafe uses and applications were remedied.

27. That on said date and at said location, notwithstanding of the aforementioned duties, Defendants, Morris and P&H, and each of them, committed on or more of the following acts and/or omissions.

    a. Failed to properly install limit switches that would have prevented the crane cable from being improperly raised;

    b. Failed to correctly reassemble the subject crane after servicing;

    c. Bypassed the geared limit switch;

    d. Failed to properly inspect repairs, modifications and/or maintenance to the crane before placing it back into service;

    e. Failed to properly install a mechanical limit switch on said crane;

6

    f. Failed to properly recommend to Union Tank Car that the subject crane required a mechanical limit switch;

    g. Failed to properly warn Union Tank Car that their practice of "two blocking" the crane would cause the cable to break;

    h. Failed to properly instruct Union Tank Car on the safe operation of the crane;

28. That on or about November 7, 2006, and as a direct and proximate result of one or more of the aforesaid acts and/or omissions, MARION MISIAK was caused to be injured when the aforesaid crane cable broke, dropping a tank car jacket on him as he was working as a welder for his employer, Union Tank Car.

29. That as a further direct and proximate result, MARION MISIAK, sustained injuries including but not limited to past and future pain and suffering, disfigurement, disability, loss of normal life, and has incurred and will continue to incur medical expenses, lost wages, and diminished earning capacity, all of which conditions are permanent in nature.

WHEREFORE Plaintiff, MARION MISIAK respectfully requests that this Honorable Court enter judgment against the Defendants, MORRIS MATERIAL HANDING, INC., d/b/a P&H Cranes, and P&H CRANES., for an amount in excess of the minimum jurisdictional requirements of the United States District Court for the Northern District of Illinois, plus costs.

## COUNT II
## MORRIS MATERIAL HANDLING, INC.
## LOSS OF CONSORTIUM

1-29. Plaintiff hereby adopts and re-alleges Paragraphs 1 through 15 of Count I as Paragraphs 1-29 of Count II, as though fully stated herein.

30. That at all times herein relevant, Plaintiff, MARY BETH MISIAK, was the lawfully wedded wife of MARION MISIAK.

7

31. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants, Morris and P&H, Plaintiff, MARY BETH MISIAK, suffered loss of society, comfort, and support of her husband, MARION MISIAK.

WHEREFORE Plaintiff, MARY BETH MISIAK, respectfully requests that this Honorable Court enter judgment against the Defendants, MORRIS MATERIAL HANDLING, INC. d/b/a P&H Cranes, and P&H CRANES, for an amount in excess of the minimum jurisdictional requirements of the United States District Court for the Northern District of Illinois, plus costs.

## COUNT III
## WHITING CORPORATION
## **PRODUCTS LIABILITY - STRICT LIABILITY**

1. That on or about November 7, 2006, and at all times relevant hereto, Plaintiff, Mary Beth Misiak was a resident of the City of Demotte, located in Jasper County, Indiana.

2. That on or about November 7, 2006, and at all times relevant hereto, Marion Misiak, a/k/a Mitch Misiak was a resident of the City of Demotte, located in Jasper County, Indiana.

3. That on or about November 7, 2006, and at all times relevant hereto, Defendant, Whiting Corporation (herein after referred to as "Whiting") was a Delaware Corporation with its principle place of business located in Monee, Illinois, and was doing business throughout the State of Illinois.

4. That Defendant, Whiting, manufactured, designed and/or distributed a certain overhead crane, identified as crane/serial #11593.

5. That said crane was purchased by Union Tank Car, and utilized by Union Tank Car for the manufacture of railroad tank cars at Union Tank Car's location in East Chicago, Indiana.

6. That at the time of its distribution to Union Tank Car, Defendant, Whiting had a duty to place products into the stream of commerce that were free from defects and unreasonable dangers.

7. That notwithstanding said duty, Defendant, Whiting, distributed the crane in a manner that rendered the product unreasonably dangerous in one or more of the following respects:

   a. Failed to install a lock-out device that would render the crane inoperable in the event that said electric limit switch was by-passed;

   b. Failed to install a mechanical limit on said crane cable;

   c. Failed to provide adequate and sufficient warnings as to the dangers of "two-blocking" and/or over-raising said crane cable;

   d. Failed to install sufficient mechanisms that prevented the practices of "two-blocking" and/or over-raising when such practice was foreseeable; and/or

   e. Failed to provide adequate and sufficient instructions regarding the safe operation and raising of said crane.

8. That at the time that the aforesaid crane left the control of Defendant, Whiting, the condition of said crane was made unreasonably dangerous based on one or more of the aforesaid conditions.

9. That on or about November 7, 2006, and as a direct and proximate result of one or more of the aforesaid acts and/or omissions, MARION MISIAK was caused to be injured when the aforesaid crane cable broke, dropping a tank car jacket on him as he was working as a welder for his employer, Union Tank Car.

10. That as a further direct and proximate result, MARION MISIAK, sustained injuries including but not limited to past and future pain and suffering, disfigurement, disability, loss of normal life, and has incurred and will continue to incur medical expenses, lost wages, and diminished earning capacity, all of which conditions are permanent in nature.

WHEREFORE Plaintiff, MARION MISIAK, respectfully requests that this Honorable Court enter judgment against the Defendant, WHITING CORPORATION, for an amount in excess of the minimum jurisdictional requirements of the United States District Court for the Northern District of Illinois, plus costs.

### COUNT IV
### WHITING CORPORATION
### PRODUCTS LIABILITY - NEGLIGENCE

1-5. Plaintiff hereby adopts and re-alleges Paragraphs 1 through 5 of Count III as Paragraphs 1 through 5 of Count IV as though fully stated herein.

6. That at all times herein relevant, it was the duty of the said Defendant to exercise due care in the design, testing, manufacture, marketing, sales and distributionof the aforesaid crane such that it would be reasonably safe for its intended and foreseeable use.

7. That notwithstanding the aforesaid duty, Defendant, Whiting, committed one or more of the following acts and/or omissions:

   a. Failed to install a lock-out device that would render the crane inoperable in the event that said electric limit switch was by-passed;

   b. Failed to install a mechanical limit on said crane cable;

   c. Failed to provide adequate and sufficient warnings as to the dangers of "two-blocking" and/or over-raising said crane cable;

   d. Failed to install sufficient mechanisms that prevented the practices of "two-blocking" and/or over-raising when such practice was foreseeable; and/or

    e. Failed to adequately instruct Union Tank Car and its employees on the safe operation of the aforesaid crane.

8. That on or about November 7, 2006, and as a direct and proximate result of one or more of the aforesaid acts and/or omissions, MARION MISIAK was caused to be injured when the aforesaid crane cable broke, dropping a tank car jacket on him as he was working as a welder for his employer, Union Tank Car.

9. That as a further direct and proximate result, MARION MISIAK, sustained injuries including but not limited to past and future pain and suffering, disfigurement, disability, loss of normal life, and has incurred and will continue to incur medical expenses, lost wages, and diminished earning capacity, all of which conditions are permanent in nature.

WHEREFORE Plaintiff, MARION MISIAK, respectfully requests that this Honorable Court enter judgment against the Defendant, WHITING CORPORATION, for an amount in excess of the minimum jurisdictional requirements of the United States District Court for the Northern District of Illinois, plus costs.

## COUNT V
## WHITING CORPORATION
## LOSS OF CONSORTIUM

1-10. Plaintiff hereby adopts and re-alleges Paragraphs 1 through 10 of Count III as Paragraphs 1 through 10 of Count VI, as through fully stated herein.

11-14. Plaintiff hereby adopts and re-alleges Paragraphs 6 through 9 of Count IV as Paragraphs 11 through 14 of Count VI, as through fully stated herein.

15. That at all times herein relevant, Plaintiff, MARY BETH MISIAK, was the lawfully wedded wife of MARION MISIAK.

16. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants, Morris and P&H, Plaintiff, MARY BETH MISIAK, suffered loss of society, comfort, and support of her husband, MARION MISIAK.

WHEREFORE Plaintiff, MARY BETH MISIAK, respectfully requests that this Honorable Court enter judgment against the Defendants, WHITING CORPORATION, for an amount in excess of the minimum jurisdictional requirements of the United States District Court for the Northern District of Illinois, plus costs.

## COUNT VI
## HUBBELL INCORPORATED and GLEASON REEL CORP.
## PRODUCTS LIABILITY – STRICT LIABILITY

1. That on or about November 7, 2006, and at all times relevant hereto, Plaintiff, Mary Beth Misiak was a resident of the City of Demotte, located in Jasper County, Indiana.

2. That on or about November 7, 2006, and at all times relevant hereto, Marion Misiak, a/k/a Mitch Misiak was a resident of the City of Demotte, located in Jasper County, Indiana.

3. Defendant, Hubbell Incorporated, d/b/a Gleason Reel Corp. (hereinafter referred to as "Hubbell") is a Delaware Corporation with its principle place of business located in Orange, Connecticut, doing business throughout the State of Illinois.

4. Defendant, Gleason Reel Corp., a/k/a GRC International, a division of Hubbell Incorporated (hereinafter referred to as "Gleason") is a Delaware Corporation with its principle place of business in Mayville, Wisconsin, doing business throughout the State of Illinois.

5. That Defendant, Hubbell manufactured, designed and/or distributed a certain electronic limit switch, identified as a Gleason Controls Geared Limit Switch, catalog #44-1E-1-P-32, serial #C02271.

6.  That Defendant, Gleason manufactured, designed and/or distributed a certain electronic limit switch, identified as a Gleason Controls Geared Limit Switch, catalog #44-1E-1-P-32, serial #C02271.

7.  That said limit switch was incorporated into the crane manufactured by Defendant Whiting Corporation, serviced by Defendants Morris and/or P&H, and purchased by Union Tank Car and utilized by persons, including Marion Misiak, for the manufacture of railroad tank cars at Union Tank Car's location in East Chicago, Indiana.

8.  That at the time of its distribution to Whiting, Morris, P&H and/or Union Tank Car, Defendant, Hubbell, had a duty to place products into the stream of commerce that were free from defects and unreasonable dangers.

9.  That at the time of its distribution to Whiting, Morris, P&H and/or Union Tank Car, Defendant, Gleason, had a duty to place products into the stream of commerce that were free from defects and unreasonable dangers.

10. That notwithstanding said duty, Defendants, Hubbell and Gleason, and each of them, distributed the aforesaid electronic limit switch in a manner that rendered the product unreasonably dangerous in one or more of the following respects:

   a. Manufactured, designed, and/or distrusted an electric limit switch that did not fail-safe;

   b. Failed to incorporate a lock-out device that would render the crane inoperable in the event that said electric limit switch was by-passed;

   c. Distributed said limit switch with a defective cam;

   d. Failed to provide adequate instructions regarding the use and application of the limit switch;

   e. Failed to adequately warn as to dangers associated with bypassing the limit switch;

11. That at the time that the aforesaid limit switch left the control of Defendants, Hubbell and Gleason, and each of them, the condition of said limit switch was made unreasonably dangerous based on one or more of the aforesaid conditions.

12. That on or about November 7, 2006, and as a direct and proximate result of one or more of the aforesaid acts and/or omissions, MARION MISIAK was caused to be injured when the aforesaid crane cable broke, dropping a tank car jacket on him as he was working as a welder for his employer, Union Tank Car.

13. That as a further direct and proximate result, MARION MISIAK, sustained injuries including but not limited to past and future pain and suffering, disfigurement, disability, loss of normal life, and has incurred and will continue to incur medical expenses, lost wages, and diminished earning capacity, all of which conditions are permanent in nature.

WHEREFORE Plaintiff, MARION MISIAK, respectfully requests that this Honorable Court enter judgment against the Defendants, HUBBELL INCORPORATED and GLEASON REEL CORP., for an amount in excess of the minimum jurisdictional requirements of the United States District Court for the Northern District of Illinois, plus costs.

## COUNT VII
### HUBBELL INCORPORATED and GLEASON REEL CORP.
### PRODUCTS LIABILITY – NEGLIGENT DESIGN

1-9. Plaintiff hereby adopts and re-alleges Paragraphs 1 through 9 of Count VI as Paragraphs 1 through 9 of Count VII, as though fully stated herein.

10. That at all times relevant herein, it was the duty of Defendant, Hubbell, to exercise due care in the design, testing, manufacture, marketing, sales and distribution of the aforesaid limit switch such that it would be reasonably safe for its intended use.

11. That at all times relevant herein, it was the duty of Defendant, Gleason, to exercise due care in the design, testing, manufacture, marketing, sales and distribution of the aforesaid limit switch such that it would be reasonably safe for its intended use.

12. That notwithstanding the aforesaid duty, Defendants, Hubbell and Gleason, and each of them, committed one or more of the following acts and/or omissions:

   a. Manufactured, designed, and/or distrusted an electric limit switch that did not fail-safe;

   b. Failed to incorporate a lock-out device that would render the crane inoperable in the event that said electric limit switch was by-passed;

   c. Distributed said limit switch with a defective cam;

   d. Failed to provide adequate instructions regarding the use and application of the limit switch;

   e. Failed to adequately warn as to dangers associated with bypassing the limit switch;

13. That on or about November 7, 2006, and as a direct and proximate result of one or more of the aforesaid acts and/or omissions, MARION MISIAK was caused to be injured when the aforesaid crane cable broke, dropping a tank car jacket on him as he was working as a welder for his employer, Union Tank Car.

14. That as a further direct and proximate result, MARION MISIAK, sustained injuries including but not limited to past and future pain and suffering, disfigurement, disability, loss of normal life, and has incurred and will continue to incur medical expenses, lost wages, and diminished earning capacity, all of which conditions are permanent in nature.

WHEREFORE Plaintiff, MARION MISIAK, respectfully requests that this Honorable Court enter judgment against the Defendants, HUBBELL INCORPORATED and GLEASON

REEL CORP., for an amount in excess of the minimum jurisdictional requirements of the United States District Court for the Northern District of Illinois, plus costs.

## COUNT VIII
### HUBBELL INCORPORATED and GLEASON REEL CORP.
### LOSS OF CONSORTIUM

1-13.   Plaintiff hereby adopts and re-alleges Paragraphs 1 through 13 of Count VI as Paragraphs 1 through 13 of Count VIII, as through fully stated herein.

14-18.   Plaintiff hereby adopts and re-alleges Paragraphs 10 through 14 of Count VII as Paragraphs 14 through 18 of Count VIII, as through fully stated herein.

18.   That at all times herein relevant, Plaintiff, MARY BETH MISIAK, was the lawfully wedded wife of MARION MISIAK.

19.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants, Morris and P&H, Plaintiff, MARY BETH MISIAK, suffered loss of society, comfort, and support of her husband, MARION MISIAK.

WHEREFORE Plaintiff, MARY BETH MISIAK, respectfully requests that this Honorable Court enter judgment against the Defendants, HUBBELL INCORPORATED and GLEASON REEL CORP., for an amount in excess of the minimum jurisdictional requirements of the United States District Court for the Northern District of Illinois, plus costs.

Respectfully Submitted,

ROMANUCCI & BLANDIN, LLC

By: ___/s/ Antonio M. Romanucci___
      Attorney for Plaintiff

Antonio M. Romanucci
Stephan D. Blandin
ROMANUCCI & BLANDIN, LLC
33 North LaSalle Street
Suite 2000
Chicago, IL 60602
Tel: 312-458-1000
Fax: 312-458-1004
Attorney No.: 35875