IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and<br>MARY BETH MISIAK,<br><br>      Plaintiffs,<br><br>v.<br><br>MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P&H Cranes, P&H CRANES, individually and as a division of Morris Material Handling, Inc.., WHITING CORPORATION, a foreign corporation, HUBBELL INCORPORATED, a foreign corporation, d/b/a Gleason Reel Corp., and GLEASON REEL CORP., a foreign corporation, a/k/a GRC International, individually and as a division of Hubbell Incorporated,<br><br>      Defendants. | No. 07 C 6330<br><br>Jury Demanded |

## ANSWER TO COMPLAINT AT LAW AND AFFIRMATIVE DEFENSES

NOW COMES, Defendants, HUBBELL INCORPORATED and GLEASON REEL CORP., incorrectly sued as "Hubbell Incorporated d/b/a Gleason Reel, and Gleason Reel Corp. a/k/a GRC International" ("Hubbell" and/or "Gleason"), by and through its attorneys in this regard, Baker & McKenzie LLP, Mark L. Karasik and Pete J. Gillespie, and as its answer to Plaintiff's Complaint at Law, states as follows:

### The Parties

1.    Plaintiffs, Marion Misiak and Mary Beth Misiak are residents of the City of Demotte, located in Jasper County, Indiana.

    ANSWER:    Hubbell and Gleason have no good faith basis on which to deny this allegation.

2.    Marion Misiak, a/k/a Mitch Misiak is a resident of the City of Demotte, located in Jasper County, Indiana.

1

ANSWER:  Hubbell and Gleason have no good faith basis on which to deny this allegation.

3. Defendant, Morris Material Handling, Inc., d/b/a P&H Cranes, is Delaware corporation with its principle place of business located in Oak Creek, Wisconsin, doing business throughout the State of Illinois.

ANSWER:  Hubbell and Gleason have no good faith basis on which to deny this allegation.

4. Defendant, P&H Cranes is a division and/or a d/b/a of Morris Material Handling, Inc., a Delaware corporation with its principle place of business located in Oak Creek, Wisconsin, doing business throughout the State of Illinois.

ANSWER:  Hubbell and Gleason have no good faith basis on which to deny this allegation.

5. Defendant, Whiting Corporation is a Delaware Corporation with its principle place of business located in Monee, Illinois, and doing business throughout the State of Illinois.

ANSWER:  Hubbell and Gleason have no good faith basis on which to deny this allegation.

6. Defendant, Hubbell Incorporated, d/b/a Gleason Reel Corp. is a Delaware Corporation with its principle place of business located in Orange, Connecticut, doing business throughout the State of Illinois.

ANSWER:  Hubbell denies this allegation and states affirmatively that it is a Connecticut corporation.  Hubbell further denies that it was doing business as Gleason Reel Corp. as alleged.

7. Defendant, Gleason Reel Corp., a/k/a GRC International, is a Delaware Corporation with its principle place of business in Mayville, Wisconsin, doing business throughout the State of Illinois.

2

ANSWER: Gleason admits that it is a Delaware corporation with a principle place of business in Mayville, WI and admits that its products reach the stream of commerce in Illinois. Gleason denies that it is also known as GRC International and states affirmatively that GRC International was a foreign sales corporation that was merged into Gleason on December 31, 2002. Gleason denies all allegations inconsistent with the foregoing.

### Jurisdiction and Venue

1. Jurisdiction over this matter is predicated upon 28 U.S.C. § 1332, based on diversity of citizenship.

ANSWER: Hubbell and Gleason admit that plaintiff alleges jurisdiction pursuant to the cited statute.

2. Venue of this action is predicated upon 28 U.S.C. § 1391. Defendants are subject to *in personam* jurisdiction of this Court, and venue is proper herein, by virtue of the fact that Defendants did and/or are doing business within the State of Illinois.

ANSWER: Hubbell and Gleason deny that venue is proper in this Court based on the statute cited by plaintiffs and affirmatively allege that a more convenient venue is the United States District Court for the Northern District of Indiana.

### COUNTS II THROUGH V

Hubbell and Gleason make no answer to Counts II through V because said counts are not directed against them.

### COUNT VI

### HUBBELL INCORPORATED and GLEASON REEL CORP.

### PRODUCTS LIABILITY – STRICT LIABILITY

1. That on or about November 7, 2006, and at all times relevant hereto, Plaintiff, Mary Beth Misiak was a resident of the City of Demotte, located in Jasper County, Indiana.

ANSWER: Hubbell and Gleason have no good faith basis on which to deny this allegation.

2. That on or about November 7, 2006, and at all times relevant hereto, Marion Misiak, a/k/a Mitch Misiak was a resident of the City of Demotte, located in Jasper County, Indiana.

ANSWER: Hubbell and Gleason have no good faith basis on which to deny this allegation.

3. Defendant, Hubbell Incorporated, d/b/a Gleason Reel Corp. (hereinafter referred to as "Hubbell") is a Delaware Corporation with its principle place of business located in Orange, Connecticut, doing business throughout the State of Illinois.

ANSWER: Hubbell denies this allegation and states affirmatively that it is a Connecticut corporation. Hubbell further denies that it was doing business as Gleason Reel Corp. as alleged.

4. Defendant, Gleason Reel Corp., a/k/a GRC International, a division of Hubbell Incorporated (hereinafter referred to as "Gleason") is a Delaware Corporation with its principle place of business in Mayville, Wisconsin, doing business throughout the State of Illinois.

ANSWER: Gleason admits that it is a Delaware corporation with a principle place of business in Mayville, WI and admits that its products reach the stream of commerce in Illinois. Gleason denies that it is also known as GRC International and states affirmatively that GRC International was a foreign sales corporation that was merged into Gleason on December 31, 2002. Gleason denies all allegations inconsistent with the foregoing.

5. That Defendant, Hubbell manufactured, designed and/or distributed a certain electronic limit switch, identified as a Gleason Controls Geared Limit Switch, catalog #44-1E-1-P-32, serial #C02271.

ANSWER: Hubbell and Gleason deny this allegation.

6. That Defendant, Gleason manufactured, designed and/or distributed a certain electronic limit switch, identified as a Gleason Controls Geared Limit Switch, catalog #44-1E-1-P-32, serial #C02271.

ANSWER: Hubbell and Gleason admit this allegation.

7. That said limit switch was incorporated into the crane manufactured by Defendant Whiting Corporation, serviced by Defendants Morris and/or P&H, and purchased by Union Tank Car and utilized by persons, including Marion Misiak, for the manufacture of railroad tank cars at Union Tank Car's location in East Chicago, Indiana.

ANSWER: Hubbell and Gleason have no good faith basis on which to deny this allegation.

8. That at the time of its distribution to Whiting, Morris, P&H and/or Union Tank Car, Defendant, Hubbell, had a duty to place products into the stream of commerce that were free from defects and unreasonable dangers.

ANSWER: Hubbell and Gleason deny this allegation.

9. That at the time of its distribution to Whiting, Morris, P&H and/or Union Tank Car, Defendant, Gleason, had a duty to place products into the stream of commerce that were free from defects and unreasonable dangers.

ANSWER: Hubbell and Gleason deny this allegation.

10. That notwithstanding said duty, Defendants, Hubbell and Gleason, and each of them, distributed the aforesaid electronic limit switch in a manner that rendered the product unreasonably dangerous in one or more of the following respects:

    a. Manufactured, designed, and/or distrusted an electric limit switch that did not fail-safe;

      b.      Failed to incorporate a lock-out device that would render the crane inoperable in the event that said electric limit switch was by-passed;

      c.      Distributed said limit switch with a defective cam;

      d.      Failed to provide adequate instructions regarding the use and application of the limit switch;

      e.      Failed to adequately warn as to dangers associated with bypassing the limit switch;

ANSWER:   Hubbell and Gleason deny each and every allegation made under this numbered paragraph.

11.   That at the time that the aforesaid limit switch left the control of Defendants, Hubbell and Gleason, and each of them, the condition of said limit switch was made unreasonably dangerous based on one or more of the aforesaid conditions.

ANSWER:   Hubbell and Gleason deny this allegation.

12.   That on or about November 7, 2006, and as a direct and proximate result of one or more of the aforesaid acts and/or omissions, MARION MISIAK was caused to be injured when the aforesaid crane cable broke, dropping a tank car jacket on him as he was working as a welder for his employer, Union Tank Car.

ANSWER:   Hubbell and Gleason deny this allegation.

13.   That as a further direct and proximate result, MARION MISIAK, sustained injuries including but not limited to past and future pain and suffering, disfigurement, disability, loss of normal life, and has incurred and will continue to incur medical expenses, lost wages, and diminished earning capacity, all of which conditions are permanent in nature.

ANSWER:   Hubbell and Gleason deny this allegation.

WHEREFORE, these defendants HUBBELL and GLEASON deny that the plaintiffs are entitled to judgment in any sum whatsoever and pray for judgment in their favor with costs assessed against the plaintiffs.

## COUNT VII

## HUBBELL INCORPORATED and GLEASON REEL CORP.

## <u>PRODUCTS LIABILITY – NEGLIGENT DESIGN</u>

1-9.  Plaintiff hereby adopts and re-alleges Paragraphs 1 through 9 of Count VI as Paragraphs 1 through 9 of Count VII, as though fully stated herein.

ANSWER:  Hubbell and Gleason readopts and realleges their answers to paragraphs 1 through 9 of Count VI as its answers to paragraphs 1 through 9 of Count VII.

8.  That at all times relevant herein, it was the duty of Defendant, Hubbell, to exercise due care in the design, testing, manufacture, marketing, sales and distribution of the aforesaid limit switch such that it would be reasonably safe for its intended use.

ANSWER:  Hubbell and Gleason deny this allegation.

9.  That at all times relevant herein, it was the duty of Defendant, Gleason, to exercise due care in the design, testing, manufacture, marketing, sales and distribution of the aforesaid limit switch such that it would be reasonably safe for its intended use.

ANSWER:  Hubbell and Gleason deny this allegation.

10.  That notwithstanding the aforesaid duty, Defendants, Hubbell and Gleason, and each of them, committed one or more of the following acts and/or omissions:

    a.  Manufactured, designed, and/or distrusted an electric limit switch that did not fail-safe;

    b.  Failed to incorporate a lock-out device that would render the crane inoperable in the event that said electric limit switch was by-passed;

    c.    Distributed said limit switch with a defective cam;

    d.    Failed to provide adequate instructions regarding the use and application of the limit switch;

    e.    Failed to adequately warn as to dangers associated with bypassing the limit switch;

ANSWER:    Hubbell and Gleason deny each and every allegation made under this numbered paragraph.

11.    That on or about November 7, 2006, and as a direct and proximate result of one or more of the aforesaid acts and/or omissions, MARION MISIAK was caused to be injured when the aforesaid crane cable broke, dropping a tank car jacket on him as he was working as a welder for his employer, Union Tank Car.

ANSWER:    Hubbell and Gleason deny this allegation.

12.    That as a further direct and proximate result, MARION MISIAK, sustained injuries including but not limited to past and future pain and suffering, disfigurement, disability, loss of normal life, and has incurred and will continue to incur medical expenses, lost wages, and diminished earning capacity, all of which conditions are permanent in nature.

ANSWER:    Hubbell and Gleason deny this allegation.

WHEREFORE, these defendants HUBBELL and GLEASON deny that the plaintiffs are entitled to judgment in any sum whatsoever and pray for judgment in their favor with costs assessed against the plaintiffs.

## COUNT VIII

## HUBBELL INCORPORATED and GLEASON REEL CORP.

## LOSS OF CONSORTIUM

1-13. Plaintiff hereby adopts and re-alleges Paragraphs 1 through 13 of Count VI as Paragraphs 1 through 13 of Count VIII, as through fully stated herein.

ANSWER: Hubbell and Gleason readopts and realleges their answers to paragraphs 1 through 13 of Count VII as its answers to paragraphs 1 through 13 of Count VIII.

14-18. Plaintiff hereby adopts and re-alleges Paragraphs 10 through 14 of Count VII as Paragraphs 14 through 18 of Count VIII, as through fully stated herein.

ANSWER: Hubbell and Gleason readopts and realleges their answers to paragraphs 10 through 14 of Count VII as its answers to paragraphs 10 through 14 of Count VIII.

18. That at all times herein relevant, Plaintiff, MARY BETH MISIAK, was the lawfully wedded wife of MARION MISIAK.

ANSWER: Hubbell and Gleason have no good faith basis to deny this allegation.

19. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendants, Morris and P&H, Plaintiff, MARY BETH MISIAK, suffered loss of society, comfort, and support of her husband, MARION MISIAK.

ANSWER: Hubbell and Gleason deny this allegation.

WHEREFORE, these defendants HUBBELL and GLEASON deny that the plaintiffs are entitled to judgment in any sum whatsoever and pray for judgment in their favor with costs assessed against the plaintiffs.

## AFFIRMATIVE DEFENSES

Hubbell and Gleason assert the following affirmative defenses.

1. Plaintiffs' products liability claims are barred by the applicable statute of repose since the product was manufactured on September 24, 1992.

2. Plaintiffs assumed the risk of injury.

3. Plaintiffs misused the product.

4. Plaintiffs caused or contributed to cause their injuries, therefore, their claims are barred.

5. The conduct of others, in whole or in part, caused or contributed to cause the injuries and damages complained of.

6. Hubbell and Gleason reserve the right to request leave to file additional affirmative defenses as facts become known and reserve the right to adopt affirmative defenses pled by others.

Respectfully submitted, jury demanded

*/s/ Mark L. Karasik*
One of the Attorneys for Defendants

BAKER & McKENZIE LLP
Mark L. Karasik ARDC #6180292
Peter J. Gillespie ARDC #6272978
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-8000

CHIDMS1/2579097.2

10