6799-08001                                    TJA/JBC/JSS/nr

IN THE UNITED STATED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MARION MISIAK and MARY BETH MISIAK,   )
              Plaintiffs,   )
                           )     NO:   07 C 6330
vs.                         )
                           )     Judge Darrah
MORRIS MATERIAL HANDLING, INC.,    )
a Foreign Corporation d/b/a P&H CRANES,   )     Magistrate Judge Nolan
P&H CRANES, Individually and as a Division   )
of MORRIS MATERIAL HANDLING, INC.,   )
WHITING CORPORATION, a Foreign   )
Corporation, HUBBELL INCORPORATED, a   )
Foreign Corporation d/b/a GLEASON REEL   )
CORP., and GLEASON REEL CORP., a Foreign   )
Corporation a/k/a GRC INTERNATIONAL,   )
Individually and as a Division of HUBBELL   )
INCORPORATED,   )
              Defendants.   )

### ANSWER AND AFFIRMATIVE
### DEFENSES TO PLAINTIFFS' COMPLAINT AT LAW

Defendant, MORRIS MATERIAL HANDLING, INC. f/k/a SPH CRANE & HOIST, INC. d/b/a MORRIS MATERIAL HANDLING ("MORRIS"), for its Answer and Affirmative Defenses to Plaintiffs' Complaint at Law, states as follows:

### THE PARTIES

1.     Defendant, MORRIS, has insufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint at Law, and therefore denies same.

2.     Defendant, MORRIS, has insufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint at Law, and therefore denies same.

3.     Defendant, MORRIS, admits that is a Delaware Corporation with its principle place of business in Wisconsin, and that it does business in Illinois, but denies that is does business as "P&H Cranes".

4.    Defendant, MORRIS, denies that P&H CRANES is a separate legal entity, but admits that P&H is only a registered trademark which has been licensed to Defendant.

5.    Defendant, MORRIS, has no good faith basis to deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint at Law.

6.    Defendant, MORRIS, has insufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint at Law, and therefore denies same.

7.    Defendant, MORRIS, has no good faith basis to deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint at Law, except that this Defendant has insufficient knowledge to admit or deny whether Gleason Reel Corp does business as GRC International.

**JURISDICTION AND VENUE**

1.    Defendant, MORRIS, admits the allegations contained in Paragraph 1, only as they relate to his defendant.

2.    Defendant, MORRIS, admits the allegations contained in Paragraph 2, only as they relate to this defendant.

**COUNT I**
**MORRIS MATERIAL HANDLING, INC. and P&H CRANES**
**NEGLIGENCE**

1.    Defendant, MORRIS, has insufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint at Law, and therefore denies same.

2.    Defendant, MORRIS, has insufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint at Law, and therefore denies same.

3.    Defendant, MORRIS, admits that is a Delaware Corporation with its principle place of business in Wisconsin, and that it does business in Illinois, but denies that it does business as "P&H Cranes".

2

4.      Defendant, MORRIS, denies that P&H CRANES is a separate legal entity, but admits that P&H is only a registered trade name which has been licensed to Defendant.

5.      Defendant, MORRIS, admits it serviced and repaired a crane at the Union Tank Car location in East Chicago, Indiana on November 7, 2006.

6.      Defendant, MORRIS, denies that P&H exists as a legal entity and therefore denies the allegations of this Paragraph 6.

7.      Defendant, MORRIS, admits it provided crane inspection services to Union Tank Car at the East Chicago location, denies it provided crane inspection service on November 7, 2006, but admits it inspected portions of the crane it serviced and repaired on that date.

8.      Defendant, MORRIS, denies that P&H exists as a legal entity and therefore denies the allegations of this Paragraph 8.

9.      Defendant, MORRIS, admits it serviced and repaired a crane at the Union Tank Car location in East Chicago, Indiana on November 7, 2006.

10.      Defendant, MORRIS, denies that P&H exists as a legal entity and therefore denies the allegations of this Paragraph 10.

11.      Upon information and belief, Plaintiff was an employee of Union Tank Car, but this Defendant has insufficient information whether Plaintiff was employed as a welder.

12.      Defendant, MORRIS, has insufficient knowledge to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint at Law, and therefore denies.

13.      Defendant, MORRIS, is not aware of any crane failing on November 7, 2006 and therefore denies the allegations of this Paragraph 12.

14.      Defendant, MORRIS, has insufficient knowledge to either admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint at Law, and therefore denies.

3

15.     Defendant, MORRIS, has insufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint at Law, and therefore denies.

16.     Defendant, MORRIS, has insufficient knowledge to either admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint at Law, and therefore denies.

17.     Defendant, MORRIS, admits all duties recognized by law, denies any breach of any recognized duty and denies that Plaintiffs accurately state Defendant's duties.

18.     Defendant, MORRIS, denies that P&H exists as a legal entity and therefore denies the allegations of this Paragraph 18.

19.     Defendant, MORRIS, admits all duties recognized by law, denies any breach of any recognized duty and denies that Plaintiffs accurately state Defendant's duties.

20.     Defendant, MORRIS, denies that P&H exists as a legal entity and therefore denies the allegations of this Paragraph 20.

21.     Defendant, MORRIS, admits all duties recognized by law, denies any breach of any recognized duty and denies that Plaintiffs accurately state Defendant's duties.

22.     Defendant, MORRIS, denies that P&H exists as a legal entity and therefore denies the allegations of this Paragraph 22.

23.     Defendant, MORRIS, admits all duties recognized by law, denies any breach of any recognized duty and denies that Plaintiffs accurately state Defendant's duties.

24.     Defendant, MORRIS, denies that P&H exists as a legal entity and therefore denies the allegations of this Paragraph 24.

25.     Defendant, MORRIS, admits all duties recognized by law, denies any breach of any recognized duty and denies that Plaintiffs accurately state Defendant's duties.

4

26.    Defendant, MORRIS, denies that P&H exists as a legal entity and therefore denies the allegations of this Paragraph 26.

27.    Defendant, MORRIS, denies each and every allegation contained in Paragraph 27, including sub-paragraphs 27(a) through 27(h), inclusive.

28.    Defendant, MORRIS, denies each and every allegation contained in Paragraph 28.

29.    Defendant, MORRIS, denies each and every allegation contained in Paragraph 29.

WHEREFORE, Defendant, MORRIS, denies that Plaintiffs are entitled to any sum whatsoever, and prays that judgment be entered against Plaintiffs.

## COUNT II
## MORRIS MATERIAL HANDLING, INC.
## LOSS OF CONSORTIUM

1.-29.    Defendant, MORRIS, incorporates by reference its answers to Paragraphs 1 through 29 of Count 1 as and for its answers to Paragraphs 1 through 29 of this Count II as though fully set forth herein.

30.    Defendant, MORRIS, has insufficient knowledge to either admit or deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint at Law, and therefore denies.

31.    Defendant, MORRIS, denies each and every allegation contained in Paragraph 31.

WHEREFORE, Defendant, MORRIS, denies that Plaintiffs are entitled to any sum whatsoever, and prays that judgment be entered against Plaintiffs.

## COUNT III
## WHITING CORPORATION
## PRODUCTS LIABILITY – STRICT LIABILITY

Defendant, MORRIS, makes no response to Count III of Plaintiffs' Complaint at Law as it is not directed against this Defendant.  To the extent that any of the allegations contained in

5

Count III can be directed to this Defendant and should require a response they are denied by this Defendant.

**COUNT IV**
**WHITING CORPORATION**
**PRODUCTS LIABILITY – NEGLIGENCE**

Defendant, MORRIS, makes no response to Count IV of Plaintiffs' Complaint at Law as it is not directed against this Defendant.  To the extent that any of the allegations contained in Count IV can be directed to this Defendant and should require a response they are denied by this Defendant.

**COUNT V**
**WHITING CORPORATION**
**LOSS OF CONSORTIUM**

Defendant, MORRIS, makes no response to Count V of Plaintiffs' Complaint at Law as it is not directed against this Defendant.  To the extent that any of the allegations contained in Count V can be directed to this Defendant and should require a response they are denied by this Defendant.

**COUNT VI**
**HUBBELL INCORPORATED AND GLEASON REEL CORP.**
**PRODUCTS LIABILITY – STRICT LIABILITY**

Defendant, MORRIS, makes no response to Count VI of Plaintiffs' Complaint at Law as it is not directed against this Defendant.  To the extent that any of the allegations contained in Count VI can be directed to this Defendant and should require a response they are denied by this Defendant.

## COUNT VII
### HUBBELL INCORPORATED AND GLEASON REEL CORP.
### PRODUCTS LIABILITY – NEGLIGENT DESIGN

Defendant, MORRIS, makes no response to Count VII of Plaintiffs' Complaint at Law as it is not directed against this Defendant. To the extent that any of the allegations contained in Count VII can be directed to this Defendant and should require a response they are denied by this Defendant.

## COUNT VIII
### HUBBELL INCORPORATED AND GLEASON REEL CORP.
### LOSS OF CONSORTIUM

Defendant, MORRIS, makes no response to Count VIII of Plaintiffs' Complaint at Law as it is not directed against this Defendant. To the extent that any of the allegations contained in Count VIII can be directed to this Defendant and should require a response they are denied by this Defendant.

### AFFIRMATIVE DEFENSES

Defendant, MORRIS, by and through their attorneys, JOHNSON & BELL, LTD., and for its First Affirmative Defenses to Plaintiffs' Complaint at Law, state as follows:

### FIRST AFFIRMATIVE DEFENSE

1.      The Defendant, MORRIS, states and alleges that the injuries, expenses, pecuniary losses and other damages claimed by the Plaintiff, MARION MISIAK, were caused in whole or in part, by the negligence, fault or other wrongful conduct of the Plaintiff, MARION MISIAK, and in the event of any verdict or judgment obtained by the Plaintiffs, MARION MISIAK and MARY BETH MISIAK, against the Defendant, MORRIS, if any, said amount should be reduced by an amount commensurate with the degree of fault attributed to the Plaintiff, MARION MISIAK, by the jury in this cause.

7

2.     The Defendant, MORRIS, states and alleges that the injuries, expenses, pecuniary losses and other damages claimed by the Plaintiff, MARION MISIAK, were caused in whole or in part, by the negligence, fault and other wrongful conduct of the Plaintiff, MARION MISIAK, and that said conduct on the part of Plaintiff, MARION MISIAK, was more than 50% responsible for the injuries claimed by said Plaintiffs, MARION MISIAK and MARY BETH MISIAK, and that Plaintiffs' Complaint is therefore barred by comparative negligence exceeding Fifty Percent (50%).

WHEREFORE, Defendant, MORRIS, denies that Plaintiffs, MARION MISIAK and MARY BETH MISIAK, are entitled to any sum whatsoever, and prays that judgment be entered against Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

Defendant, MORRIS, by and through their attorneys, JOHNSON & BELL, LTD., and for its Second Affirmative Defense to Plaintiffs' Complaint at Law, state as follows:

1.     That UTLX Manufacturing, Inc. and/or Union Tank Car Company owned the facilities, including the crane, which is the subject of Plaintiffs' Complaint.

2.     That UTLX Manufacturing, Inc. and/or Union Tank Car Company employed the Plaintiff, MARION MISIAK, the individual operating the crane, and various maintenance individuals employed at the facility identified in Plaintiffs' Complaint.

3.     That UTLX Manufacturing, Inc. and/or Union Tank Car Company were at fault, and caused or were a contributing cause to Plaintiff's claimed injuries by:

     (a)    Failed to adequately train the Plaintiff, including training concerning the unsafe act of being under a load carried by an overhead crane;

     (b)    Failing to train the crane operator with regard to the unsafe act of carrying a load over an individual;

(c)    Failing to implement a safety program that prevented a load suspended from a crane being carried over an individual;

(d)    Wired, or rewired the trolley and/or hoist of the crane that impacted the effectiveness of the upper limit switch; and

(e)    Failed to adequately train the operator of the crane regarding two blocking and to train the operator to watch the height of the cranes hook lock;

(f)    Otherwise modified the crane to render it unsafe.

4.    UTLX Manufacturing, Inc. and Union Tank Car Company are being identified in this Answer and Affirmative Defense as potentially at fault parties, pursuant to the Indiana Comparative Fault Act.

5.    If any judgment is rendered against this Defendant, the amount of any verdict should be reduced by the fault of the Plaintiff, fault of the Co-Defendants herein, and fault of Union Tank Car Company and UTLX Manufacturing, Inc.

Respectfully submitted,

JOHNSON & BELL, LTD.

One of the Attorneys for Defendant,
Morris Material Handling, Inc. f/k/a SPH
Crane & Hoist, Inc. d/b/a Morris Material Handling

Thomas J. Andrews, Esq.
Joseph B. Carini, Esq.
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
#1781909

9

## **PROOF OF SERVICE**

The undersigned, a non-attorney, on oath states I served the foregoing document to the attorneys of record in this cause via electronic filing and by depositing a copy of same in the U.S. Mail, properly addressed and with proper postage affixed thereto, on March 31, 2008.

*Nancy Reed*

Subscribed to and Sworn to before me this 31st day of January, 2008.

*Nancy Tomala*

NOTARY PUBLIC

"OFFICIAL SEAL"
NANCY TOMALA
Notary Public, State of Illinois
My Commission Expires 07/23/09

10