K:\675\80\answer.aff\TMP\dls

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and MARY BETH MISIAK, ) <br> ) <br> ) <br>                     Plaintiffs,  ) <br> ) <br> v.                                            ) <br> ) <br> MORRIS MATERIAL HANDLING, INC., a  ) <br> foreign corporation, d/b/a P&H Cranes, P&H  ) <br> CRANES, individually and as a division of Morris  ) <br> Material Handling, Inc., WHITING  ) <br> CORPORATION, a foreign corporation,  ) <br> HUBBELL INCORPORATED, a foreign  ) <br> Corporation, d/b/a Gleason Reel Corp., and  ) <br> GLEASON REEL CORP., a foreign corporation,  ) <br> a/k/a GRC International, individually and as a  ) <br> division of Hubbell Incorporated,  ) <br> ) <br>                     Defendants.  ) | Case No.:   07 C 6330 <br> Judge Darrah <br> Magistrate Judge Nolan |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' COMPLAINT AT LAW

Defendant, WHITING CORPORATION, by and though its attorneys, TIMOTHY M. PALUMBO and KOPKA, PINKUS, DOLIN & EADS, P.C., and for its answer and affirmative defenses to plaintiffs' complaint at law, states as follows:

### THE PARTIES

1. This defendant has insufficient knowledge to either admit or the deny the allegations contained in this paragraph, and therefore denies same.

2. This defendant has insufficient knowledge to either admit or the deny the allegations contained in this paragraph, and therefore denies same.

3. This defendant has insufficient knowledge to either admit or the deny the allegations contained in this paragraph, and therefore denies same.

4. This defendant has insufficient knowledge to either admit or the deny the allegations contained in this paragraph, and therefore denies same.

5. This defendant admits the allegations contained in this paragraph.

6. This defendant has insufficient knowledge to either admit or the deny the allegations contained in this paragraph, and therefore denies same.

7. This defendant has insufficient knowledge to either admit or the deny the allegations contained in this paragraph, and therefore denies same.

## JURISDICTION AND VENUE

1. This defendant admits only that plaintiffs allege jurisdiction pursuant to the cited statute.

2. This defendant admits only that plaintiffs allege venue pursuant to the cited statute.

## COUNT I

1. This defendant makes no answer to any of the allegations contained in Count I as the allegations contained in this count are not directed to this defendant. Should it be determined that any of the allegations in this count do pertain to WHITING CORPORATION, then WHITING CORPORATION denies any and all such allegations.

## COUNT II

1. This defendant makes no answer to any of the allegations contained in Count II as the allegations contained in this count are not directed to this defendant. Should it be determined that any of the allegations in this count do pertain to WHITING CORPORATION, then WHITING CORPORATION denies any and all such allegations.

## **COUNT III**

1. This defendant has insufficient knowledge to either admit or the deny the allegations contained in this paragraph, and therefore denies same.

2. This defendant has insufficient knowledge to either admit or the deny the allegations contained in this paragraph, and therefore denies same.

3. This defendant admits the allegations contained in this paragraph.

4. This defendant denies the allegations contained in this paragraph. Further answering, this defendant states that a company other than the named defendant, a different company named Whiting Corporation, an Illinois corporation in existence in 1980, manufactured, designed and/or distributed a certain overhead crane, identified as crane/serial no. 11593.

5. This defendant admits the allegations contained in this paragraph.

6. This defendant denies the allegations contained in this paragraph.

7. This defendant denies the allegations contained in this paragraph; specifically, denying those allegations contained in sub-paragraphs (a)-(e).

8. This defendant denies the allegations contained in this paragraph.

9. This defendant denies the allegations contained in this paragraph.

10. This defendant denies the allegations contained in this paragraph.

WHEREFORE, defendant, WHITING CORPORATION, denies that plaintiffs are entitled to any relief whatsoever, and prays that judgment be entered against plaintiffs and in favor of this defendant.

## COUNT IV

1-5.    This defendant incorporates by reference its responses to paragraphs 1-5 of Count III as and for its responses to paragraphs 1-5 of Count IV as though fully set forth herein.

6.    This defendant denies the allegations contained in this paragraph.

7.    This defendant denies the allegations contained in this paragraph; specially, denying those allegations contained in sub-paragraphs (a)-(e).

8.    This defendant denies the allegations contained in this paragraph.

9.    This defendant denies the allegations contained in this paragraph.

WHEREFORE, defendant, WHITING CORPORATION, denies that plaintiffs are entitled to any relief whatsoever, and prays that judgment be entered against plaintiffs and in favor of this defendant.

## COUNT V

1-10.    This defendant incorporates by reference its responses to paragraphs 1-10 of Count III as and for its responses to paragraphs 1-10 of Count V (incorrectly labeled as Count VI) as though fully set forth herein.

11-14.    This defendant incorporates by reference its responses to paragraphs 6-9 of Count IV as and for its responses to paragraphs 11-14 of Count V (incorrectly labeled as Count VI) as though fully set forth herein.

15.    This defendant has insufficient knowledge to either admit or the deny the allegations contained in this paragraph, and therefore denies same.

16.    This defendant denies the allegations contained in this paragraph.

WHEREFORE, defendant, WHITING CORPORATION, denies that plaintiffs are entitled to any relief whatsoever, and prays that judgment be entered against plaintiffs and in favor of this defendant.

## COUNT VI

1. This defendant makes no answer to any of the allegations contained in Count VI as the allegations contained in this count are not directed to this defendant. Should it be determined that any of the allegations in this count do pertain to WHITING CORPORATION, then WHITING CORPORATION denies any and all such allegations.

## COUNT VII

1. This defendant makes no answer to any of the allegations contained in Count VII as the allegations contained in this count are not directed to this defendant. Should it be determined that any of the allegations in this count do pertain to WHITING CORPORATION, then WHITING CORPORATION denies any and all such allegations.

## COUNT VIII

1. This defendant makes no answer to any of the allegations contained in Count VIII as the allegations contained in this count are not directed to this defendant. Should it be determined that any of the allegations in this count do pertain to WHITING CORPORATION, then WHITING CORPORATION denies any and all such allegations.

## AFFIRMATIVE DEFENSES

Defendant, WHITING CORPORATION, by and through its attorneys, TIMOTHY M. PALUMBO and KOPKA, PINKUS, DOLIN & EADS, P.C., and for its affirmative defenses, assert as follows:

1. Plaintiff, MARION MISIAK, caused or contributed to cause his injuries; therefore, his claims should be reduced by an amount commensurate with the degree of fault attributed to him, or barred all together.

2. The conduct of others, including, but not limited to plaintiff MARION MISIAK's employer, Union Tank Car, caused or contributed in whole or in part to the injuries and damages complained of by plaintiff, MARION MISIAK.

3. Plaintiffs' products liability claims are barred by the applicable statute of repose since the subject crane, serial no. 11593 was manufactured and delivered to Union Tank Car on January 29, 1980.

4. Plaintiff, MARION MISIAK, assumed the risk of injury.

5. Plaintiff, MARION MISIAK, misused the subject crane, serial no. 11593.

6. Plaintiffs' negligence claims are barred by the applicable statute of repose and/or statute of limitations for improvements to real property.

7. The subject crane, serial no. 11593, was materially modified, changed, and altered as of November 7, 2006, and was not in its original condition as sold to Union Tank Car on January 29, 1980.

8. The subject crane, serial no. 11593 was manufactured by a different company named Whiting Corporation, an Illinois corporation, and delivered to Union Tank Car on January 29, 1980.  On December 30, 1983, an Asset Purchase Agreement was entered into between Whiting Corporation, an Illinois corporation, as seller, and Gask Corporation, a Delaware corporation, as buyer, where Gask Corporation acquired such assets, properties, and business, and assumed certain liabilities of Whiting Corporation.  In January, 1984, Gask Corporation changed its name to Whiting Corporation, a Delware corporation, the named defendant.

9. This defendant reserves the right to request leave to file additional affirmative defenses as discovery proceeds, and further reserves the right to adopt those affirmative defense pleaded by other co-defendants.

/s/ Timothy M. Palumbo
Attorney for Defendant
KOPKA, PINKUS, DOLIN & EADS, P.C.
200 North LaSalle Street, Suite 2850
Chicago, Illinois  60601
312.782.9920
ARDC #6198191

Case 1:07-cv-06330   Document 27   Filed 03/04/2008   Page 7 of 8

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing was either electronically served or mailed by United States mail at 200 North LaSalle Street, Chicago, Illinois, first class postage fully prepaid, the 4th day of March, 2008, to the following:

Antonio M. Romanucci
Stephan Blandin
Romanucci & Blandin
33 North LaSalle Street
Suite 2000
Chicago, IL 60602

Thomas J. Andrews
Joshua Sloane Singewald
Joseph B. Carini, III
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603

Mark Karasik
Peter Gillespie
Baker & McKenize
One Prudential Plaza
130 East Randolph Drive
Suite 3500
Chicago, IL 60601

Subscribed and sworn to before me this 4th day of March, 2008.

 /s/ Leticia Corona
Notary Public