**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MARION MISIAK and | ) | |
| MARY BETH MISIAK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  07 CV 6330 |
| | ) | |
| MORRIS MATERIAL HANDLING, INC., a | ) | |
| foreign corporation, d/b/a P&H Cranes, P&H | ) | |
| CRANES, individually and as a division of | ) | |
| Morris Material Handling, Inc.., WHITING | ) | |
| CORPORATION, a foreign corporation, | ) | |
| HUBBELL INCORPORATED, a foreign | ) | |
| corporation, d/b/a Gleason Reel Corp., and | ) | |
| GLEASON REEL CORP., a foreign | ) | |
| corporation, a/k/a GRC International, | ) | |
| individually and as a division of Hubbell | ) | |
| Incorporated, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' ANSWERS TO
WHITING CORPORATION'S AFFIRMATIVE DEFENSES**

NOW COME the Plaintiffs, MARION MISIAK and MARY BETH MISIAK, by and through their attorneys, ROMANUCCI & BLANDIN, LLC, and, as answers to the affirmative defenses pled by Defendant, WHITING CORPORATION, state as follows:

1.    Plaintiffs deny the allegations contained in Paragraph 1 of Defendant's Affirmative Defenses, and demand strict proof thereof.

2.    Plaintiffs object to Paragraph 2 of Defendant's Affirmative Defense as it is a mixed conclusion of law and fact that is for the determination of the judge and/or jury.  Without waiving said objection, Plaintiff acknowledge that the conduct of others may have been a contributing cause of Plaintiff's injuries, but deny that it was the exclusive cause thereof.

1

Plaintiffs further deny any and all remaining allegations contained in Paragraph 2 of Defendant's Affirmative Defenses.

3.    Plaintiffs acknowledge the existence of the statute of repose, but are unable to determine the applicability herewith.  Plaintiffs further deny any and all remaining allegations contained in Paragraph 3 of Defendant's Affirmative Defenses.

4.    Plaintiffs deny the allegations contained in Paragraph 4 of Defendant's Affirmative Defenses, and demand strict proof thereof.

5.    Plaintiffs deny the allegations contained in Paragraph 5 of Defendant's Affirmative Defenses, and demand strict proof thereof.

6.    Plaintiffs deny the allegations contained in Paragraph 6 of Defendant's Affirmative Defendants, and demand strict proof thereof.

7.    Plaintiffs have insufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of Defendant's Affirmative Defenses, and therefore deny the same.

8.    Plaintiffs have insufficient knowledge to either admit or deny the allegations contained in Paragraph 8 of Defendant's Affirmative Defenses, and therefore deny the same.

9.    Plaintiffs acknowledge Defendant's reservation of the right to request leave to file additional affirmative defenses, and Defendant's reservation of the right to adopt those affirmative defenses pled by other defendants.

WHEREFORE, Plaintiffs, MARION MISIAK and MARY BETH MISIAK, pray that this honorable court enter an order striking Defendant's Affirmative Defense, and for such further relief as this court deems appropriate and just.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC


By:    /s/ Stephan D. Blandin

Stephan D. Blandin
ROMANUCCI & BLANDIN, LLC
33 North LaSalle Street
20th Floor
Chicago, IL 60602
Tel: 312-458-1000
Fax: 312-458-1004
Attorney No.: 35875

3