# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and <br> MARY BETH MISIAK, <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P&H Cranes, P&H CRANES, individually and as a division of Morris Material Handling, Inc.., WHITING CORPORATION, a foreign corporation, HUBBELL INCORPORATED, a foreign corporation, d/b/a Gleason Reel Corp., and GLEASON REEL CORP., a foreign corporation, a/k/a GRC International, individually and as a division of Hubbell Incorporated, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 07 CV 6330 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFFS' ANSWERS TO MORRIS MATERIAL HANDLING, INC.'S AFFIRMATIVE DEFENSES

NOW COME the Plaintiffs, MARION MISIAK and MARY BETH MISIAK, by and through their attorneys, ROMANUCCI & BLANDIN, LLC, and, as answers to the affirmative defenses pled by Defendant, MORRIS MATERIAL HANDLING, INC., state as follows:

### FIRST AFFIRMATIVE DEFENSE

1.  Plaintiffs deny any and all allegations contained in Paragraph 1 of Defendant's First Affirmative Defense, and demand strict proof thereof.

2.  Plaintiffs deny any and all allegations contained in Paragraph 2 of Defendant's First Affirmative Defense, and demand strict proof thereof.

WHEREFORE, Plaintiffs, MARION MISIAK and MARY BETH MISIAK, pray that this

honorable court enter an order striking Defendant's First Affirmative Defense, and for such further relief that this court deems appropriate and just.

## SECOND AFFIRMATIVE DEFENSE

1. Plaintiffs have insufficient knowledge to either admit or deny the allegations in Paragraph 1 of Defendant's Second Affirmative Defense, and therefore deny the same.

2. Plaintiffs admit that UTLX Manufacturing and/or Union Tank Car Company employed the Plaintiff, MARION MISIAK.  Plaintiffs have insufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 2 of Defendant's Second Affirmative Defense, and therefore deny the same.

3. Plaintiffs object to Paragraph 3 of Defendant's Second Affirmative Defense.  Said paragraph is a mixed conclusion of law and fact that is for the determination of the judge and/or jury.  Without waiving said objection, Plaintiffs further deny any and all remaining allegations contained in Paragraph 3, including sub-paragraphs (a) – (f), of Defendant's Second Affirmative Defense.

4. Plaintiffs acknowledge that UTLX Manufacturing, Inc. and Union Tank Car Company are being identified as potentially at fault parties pursuant to the Indiana Comparative Fault Act.

5. Plaintiffs deny any and all allegations contained in Paragraph 5 of Defendant's Second Affirmative Defense, and demand strict proof thereof.

WHEREFORE, Plaintiffs, MARION MISIAK and MARY BETH MISIAK, pray that this honorable court enter an order striking Defendant's Second Affirmative Defense, and for such further relief that this court deem appropriate and just.

                                        Respectfully Submitted,
                                        ROMANUCCI & BLANDIN, LLC

                              By:     /s/ Stephan D. Blandin

Stephan D. Blandin
ROMANUCCI & BLANDIN, LLC
33 North LaSalle Street
20th Floor
Chicago, IL 60602
Tel: 312-458-1000
Fax: 312-458-1004
Attorney No.: 35875