IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and<br>MARY BETH MISIAK,<br><br>   Plaintiffs,<br><br>v.<br><br>MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P&H Cranes, P&H CRANES, individually and as a division of Morris Material Handling, Inc.., WHITING CORPORATION, a foreign corporation, HUBBELL INCORPORATED, a foreign corporation, d/b/a Gleason Reel Corp., and GLEASON REEL CORP., a foreign corporation, a/k/a GRC International, individually and as a division of Hubbell Incorporated,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 07 CV 6330<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' RULE 26(a) DISCLOSURES
DIRECTED TO ALL DEFENDANTS**

NOW COME the Plaintiff's, MARION MISIAK and MARY BETH MISIAK, and as its disclosures made to all defendants, pursuant to Federal Rules of Civil Procedure, Rule 26(a), states as follows:

**Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information –that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

 1. Marion Misiak
   10603 Georgetown Drive
   Demont, IN 46310

   Mr. Misiak is likely to have information regarding: (1) the facts and circumstances surrounding the incident in question; (2) the injuries he sustained; (3) the pain, suffering, disability, and other damages proximately caused by the incident; (4) his

1

past and present physical condition; (5) the medical treatment he underwent; (6) the financial obligations proximately caused by the incident in question; (7) his work and life activities and abilities prior and subsequent to the incident in question, as well as the incident's impact on those activities and abilities; and (8) the ongoing limitations and difficulties he suffers from as a result of the incident.

2. Mary Beth Misiak (spouse)
   10603 Georgetown Drive
   Demont, IN 46310

   Mrs. Misiak is likely to have information regarding: (1) Marion Misiak's pain, suffering, disability, and other damages proximately caused by the occurrence; (2) Mr. Misiak's past and present physical condition; (3) Mr. Misiak's injuries and treatment; (4) the financial obligations proximately caused by the incident in question; (5) Mr. Misiak's work and life activities prior and subsequent to the incident in question, as well as the incident's impact on those activities and abilities; (6) Mr. Misiak's ongoing limitations and difficulties as a result of the incident; and (7) Mrs. Misiak's loss of consortium claims.

3. Danny Misiak (plaintiff's son)
   10602 Georgetown Drive
   Demont, IN 46310

   Danny Misiak is likely to have information regarding: (1) his father, Marion Misiak's, pain and suffering, disability, and other damages proximately cause by the occurrence; (2) his father's past and present physical condition; (3) his father's injuries and treatment; (4) his father's work and life activities prior and subsequent to the incident in question, as well as the incident's impact on those activities and abilities; (5) his father's ongoing limitations and difficulties as a result of the accident; and (6) his mother's loss of consortium damages.

4. Katherine Misiak (plaintiff's daughter)
   10602 Georgetown Drive
   Demont, IN 46310

   Katherine Misiak is likely to have information regarding: (1) her father, Marion Misiak's, pain and suffering, disability, and other damages proximately cause by the occurrence; (2) her father's past and present physical condition; (3) her father's injuries and treatment; (4) her father's work and life activities prior and subsequent to the incident in question, as well as the incident's impact on those activities and abilities; (5) her father's ongoing limitations and difficulties as a result of the incident; and (6) her mother's loss of consortium damages.

5. Sabrina Misiak (plaintiff's daughter)
   10602 Georgetown Drive
   Demont, IN 46310

Sabrina Misiak is likely to have information regarding: (1) her father, Marion Misiak's, pain and suffering, disability, and other damages proximately cause by the occurrence; (2) her father's past and present physical condition; (3) her father's injuries and treatment; (4) her father's work and life activities prior and subsequent to the incident in question, as well as the incident's impact on those activities and abilities; (5) her father's ongoing limitations and difficulties as a result of the incident; and (6) her mother's loss of consortium damages.

6.  Morris Material Handling
    315 W. Forest Hill Ave.
    Oak Creek, WI 53154

Morris Material Handling is likely to have information regarding the subject crane, and, specifically, the service and repair of the subject crane, as well as any contracts with Union Tank Car regarding the service and repair of the subject crane. Additionally, Morris Material Handling is likely to have information regarding the condition of the subject crane immediately prior to the incident in question.

7.  Whiting Corporation
    2600 Whiting Way
    Monee, IL 60449

Whiting Corporation is likely to have information regarding its involvement with the subject crane, including, but not limited to its construction, its sale and distribution, and any subsequent service to the subject crane.

8.  Hubbell Incorporated/Gleason Reel Corp.
    600 South Clark St.
    Mayville, WI 53050

Hubbell Incorporated/Gleason Reel Corp. is likely to have information regarding the subject crane, and, specifically, the electronic limit switch in place on the subject crane.

9.  Union Tank Car/UTLX
    151st Street and Railroad Ave.
    East Chicago, IN 46312

Union Tank Car/UTLX is likely to have information regarding: (1) the employment of Marion Misiak at its East Chicago, Indiana, location; (2) the subject crane and the condition of the subject crane; (3) the practices and routines for the use of the subject crane; (4) the safety precautions in place at the time of the incident regarding the subject crane; (5) the repairs and service of the subject crane prior to the incident in question; (6) the contracts for service and/or repair of the subject crane prior to the

3

incident in question; and (7) the facts and circumstances surrounding the incident in question.

10.      Francisco Gomez
            Union Tank Car/UTLX
            151st Street and Railroad Ave.
            East Chicago, IN 46312

        Francisco Gomez is likely to have information regarding the facts and circumstances surrounding the incident in question.

11.      Renee Rodriguez
            Union Tank Car/UTLX
            151st Street and Railroad Ave.
            East Chicago, IN 46312

        Renee Rodriguez is likely to have information regarding the facts and circumstances surrounding the incident in question.

12.      Chico LKU
            Union Tank Car/UTLX
            151st Street and Railroad Ave.
            East Chicago, IN 46312

        Chico is likely to have information regarding the facts and circumstances surrounding the incidence in question.

13.      Murillo Elkmann
            East Chicago Fire Dept. EMS
            3901 Indianapolis Blvd.
            East Chicago, IN 46312

        Mr. Elkmann is likely to have information regarding the facts and circumstances surrounding the incident in question, and, specifically, the medical treatment and condition of Mr. Misiak immediately following the incident in question.

14.      Almazan Zapioro
            East Chicago Fire Dept. EMS
            3901 Indianapolis Blvd.
            East Chicago, IN 46312

        Mr. Zapioro is likely to have information regarding the facts and circumstances surrounding the incident in question, and, specifically, the medical treatment and condition of Mr. Misiak immediately following the incident in question.

15. All treating medical staff
    St. Catherine Hospital
    4321 First Street
    East Chicago, IN 46312

    After the incident in question, Mr. Misiak was transported to St. Catherine Hospital, where he was seen by Drs. Marc Deshaies and Robert Bertrand, among others. These individuals are likely to have information regarding the nature, extent and permanency of Mr. Misiak's injuries, as well as the medical care and treatment of those injuries. These individuals will also likely have information regarding the pain and suffering associated with the injuries suffered.

16. Keeper of Records
    St. Catherine Hospital
    3901 First Street
    East Chicago, IN 46312

    This individual is likely to have the medical records of Mr. Misiak following the incident in question. This individual is also likely to have information regarding the authenticity of the medical records, and that the records are prepared and kept in the ordinary course of their business. This individual is likely to have further information regarding the accuracy and reasonableness of medical bills incurred by the plaintiff.

17. All treating medical staff
    St. James Hospital – Olympia Fields
    20201 S. Crawford Ave.
    Olympia Fields, IL 60461

    Subsequent to Mr. Misiak's treatment at St. Catherine Hospital, Mr. Misiak was transported to St. James Hospital at Olympia Fields where he was seen by Dr. Gregory McComis, among others. These individuals are likely to have information regarding the nature, extent and permanency of Mr. Misiak's injuries, as well as the medical care and treatment of those injuries. These individuals will also likely have information regarding the pain and suffering associated with the injuries suffered.

18. Keeper of Records
    St. James Hospital – Olympia Fields
    20201 S. Crawford Ave.
    Olympia Fields, IL 60461

    This individual is likely to have the medical records of Mr. Misiak following the incident in question. This individual is also likely to have information regarding the authenticity of the medical records, and that the records are prepared and kept in the ordinary course of their business. This individual is likely to have further information regarding the accuracy and reasonableness of medical bills incurred by the plaintiff.

19. Dr. James Petrick
607 Washington Road
Suite 403
Mt. Lebanon, PA

Dr. Petrick is likely to have information regarding the nature, extent and permanency of Mr. Misiak's injuries, specifically, his neurological injuries, as well as the medical care and treatment of those injuries. Dr. Petrick will also likely have information regarding the pain and suffering associated with the injuries suffered, and Mr. Misiak's long term limitations due to his injuries.

20. Dr. Patrick Walsh
Marion Joy Rehab. Hosp.
26W171 Roosevelt Rd.
Wheaton, IL 60187

Dr. Walsh is likely to have information regarding the nature, extent and permanency of Mr. Misiak's injuries, specifically, his neurological injuries, as well as the medical care and treatment of those injuries. Dr. Walsh will also likely have information regarding the pain and suffering associated with the injuries suffered, and Mr. Misiak's long term limitations due to his injuries.

**Rule 26(a)(1)(A)(ii): A copy – or description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

The following documents are in the possession of Plaintiffs' attorney, and can be reproduced at the defendant's expense.

1. East Chicago EMS Mobile Intensive Care Report

2. Medical Records from St. Catherine Hospital

3. Medical Records from St. James Hospital – Olympia Fields

4. Approximately 450 photos of the subject crane and site of incident

5. Responsive documents from Union Tank Car/UTLX in response to plaintiff's Petition for Discovery

6. CMAA (Crane Manufacturers Association of America) Specification No. 70-2004 – "Specifications for Top Running Bridge and Gantry Type Multiple Girder Electric Overhead Traveling Cranes"

7. CMAA – "Crane Operator's Manual"

8. CMAA Specification No. 78-2002 – "Standards and Guidelines for Professional Services Performed on Overhead and Traveling Cranes and Associated Hoisting Equipment"

9. CMAA Specification No. 74-2004 – "Specification for Top Running & Under Running Single Girder Electric Traveling Cranes Utilizing Running Trolley Hoist"

10. CMAA "Overhead Crane – Pre-Operation Inspection Check List"

11. CMAA DVD entitled "The Fundamentals of Overhead Crane Safety – A Video Training Program"

12. CMAA Consensus: National Electrical Code - 1996

13. OSHA Regulations regarding Overhead and Gantry Cranes (29 CFR 1910.179, *et seq.*)

14. P&H Promotional Material entitled "Did You Know? OSHA Crane Regulations Require:"

15. P&H/Morris Material Handling's "Portal Cane Systems Update (Winter 1990/1991)"

16. P&H/Morris Material Handling's "Portal Cane Systems Update (Winter 1992-1993)"

17. Union Tank Car's Product Engineering Standard for Critical Discernment of Parts (Issue Date: 06/22/2005)

18. UTLX Quality Assurance Procedure (Issue Date: 01/09/04, Revision Date: 03/27/07).

19. P&H Cranes' promotional material entitled "Overhead Insights (Spring 2005, Vol. 6, Issue 1)"

**Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

Compensatory Damages – Medical Expenses: Mr. Misiak sustained a multitude of serious and permanent injuries as a result of the incident in question, including but not limited to

fractures, soft tissue damage, and traumatic brain injuries. To date, Plaintiffs have incurred medical expenses in excess of $1,000,000.

Compensatory Damages – Lost Wages: Since the date of the incident, Mr. Misiak has been unable to return to gainful employment. At the time of the injury, Mr. Misiak was earning $18.75 per hour, plus fringe benefits.

Compensatory Damages – Non-Economic: Plaintiffs have suffered non-economic damages, including but not limited to pain and suffering, loss of normal life, disability, disfigurement, and loss of consortium. Plaintiffs are unable to quantify their non-economic damages at this time, and will seasonably supplement as information becomes available.

**Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

By:   /s/ Stephan D. Blandin
Attorney for Plaintiffs

Stephan D. Blandin
Antonio M. Romanucci
**ROMANUCCI & BLANDIN, LLC**
33 N. LaSalle Street
20th Floor
Chicago, IL 60602
Tel: 312-458-1000
Fax: 312-458-1004
Attorney No.: 35875

8

## CERTIFICATE OF SERVICE

I, hereby certify that on this 11th day of March, 2008, a copy of the Plaintiff's Rule 23(a) disclosure was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system and served upon all parties of record.

                                                  //s// Antonio M. Romanucci
                                                Antonio M. Romanucci, Esq.