IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and<br>MARY BETH MISIAK,<br><br>Plaintiffs,<br><br>v.<br><br>MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P&H Cranes, P&H CRANES, individually and as a division of Morris Material Handling, Inc.., WHITING CORPORATION, a foreign corporation, HUBBELL INCORPORATED, a foreign corporation, d/b/a Gleason Reel Corp., and GLEASON REEL CORP., a foreign corporation, a/k/a GRC International, individually and as a division of Hubbell Incorporated,<br><br>Defendants. | No. 07 C 6330<br><br>Jury Demanded |

## HUBBELL AND GLEASON'S RULE 45(C) MOTION TO COMPEL DIRECTED TO UNION TANK CAR COMPANY

NOW COMES, defendants, HUBBELL INCORPORATED and GLEASON REEL CORP. ("Hubbell" and "Gleason"), by and through their attorneys in this regard, Peter J. Gillespie and Mark L. Karasik, pursuant to Fed.R.Civ.P.45(c), and moves to compel Union Tank Car Company to respond to a lawfully issued subpoena and in support thereof, states as follows:

1.  This case is a complex products liability case with much to be done before an October 26, 2009, trial date. Plaintiff Marion Misiak was injured when he was hit in the head with a railroad car while working for his employer, Union Tank Car Company, on or about November 6, 2006.

2.  Hubbell and Gleason served the attached Supboena on Union Tank Car Company at their registered office, 175 W. Jackson Blvd, S2100, Chicago, IL 60604

through Record Copy Service. (See attached Exhibit A, Notice and Subpoena).

3. Union Tank Car Company is represented by Timothy Hoffman of Sanchez, Daniels & Hoffman. Pursuant to the Court's local rules, counsel for Hubbell and Gleason, Mark L. Karasik, wrote to and, on March 12, 2008, spoke to Mr. Hoffman by telephone regarding the subpoena and a needed inspection of the accident scene and the products involved. Mr. Hoffman was both professional and cordial, but has indicated that he cannot respond to the Subpoena or make the premises and products available for inspection because of what his client deems to be a conflict of interest between counsel for defendant Morris Material Handling, Inc.. Apparently, counsel for Morris Material Handling, Inc. previously did work for Union Tank Car Company. The circumstances of this prior representation is unknown to Hubbell and Gleason. Accordingly, Hubbell and Gleason have no "dog in the hunt" concerning the differences between Morris Material Handling's counsel and Union Tank Car Company.

4. Hubbell and Gleason are entitled to the information requested and to an inspection of the Union Tank Car Company premises and products at a mutually convenient time.

5. Pursuant to Fed.R.Civ.P. 45, Hubbell and Gleason are entitled to obtain discovery from third parties regarding any matter within the scope of Rule 26(b)(1). Hubbell and Gleason's Subpoena seeks discoverable information in that it requests information from Plaintiff's employer relating to the facts and circumstances of the incident giving arise to this lawsuit, as well as information relating to a Gleason product that has been alleged to have been involved in the incident.

6. The Affidavit of Mark L. Karasik, attached as Exhibit B, is incorporated

herein by reference.

WHEREFORE, for each of the foregoing reasons, Defendants Hubbell Incorporated and Gleason Reel Corporation, pray for an order compelling Union Tank Car Company to provide a full and complete response to their Subpoena within 21 days, and for such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Mark L. Karasik

One of the Attorneys for Defendants

BAKER & McKENZIE LLP
Mark L. Karasik ARDC #6180292
Peter J. Gillespie ARDC #6272978
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-8000

22100783-36                                                              03068110

```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION
                                                )
MISIAK                                          )
                                                )
                                                )
                    PLAINTIFF/S                 )
    VS.                                         )    NO.    1:07-CV-6330
                                                )
MORRIS MATERIAL, ET AL.                         )
                                                )
                                                )
                    DEFENDANT/S                 )

                                 NOTICE

ROMANUCCI & BLANDIN                    ***  SEE ATTACHED SERVICE LIST
33 N. LA SALLE ST.  S-2000
CHICAGO IL 60602
ATTORNEY (S) FOR PLAINTIFF
```

PLEASE TAKE NOTICE THAT THE FOLLOWING DEPOSITION/S WILL BE TAKEN AT 10:00 A.M. ON WEDNESDAY, MARCH 26, 2008.

    KEEPER OF THE RECORDS
      UNION TANK CAR COMPANY

THESE DEPOSITIONS WILL TAKE PLACE AT ROOM 1800, 30 N. LA SALLE, CHICAGO, IL. PURSUANT TO THIS NOTICE, THE UNDERSIGNED WILL REQUEST THE CLERK OF THE SAID DISTRICT COURT TO ISSUE A DEPOSITION SUBPOENA COMPELLING THE ABOVE DEPONENT/S TO PRODUCE AT THE SAID PLACE AND TIME, ALL RECORDS IN SAID DEPONENT/S POSSESSION OR CONTROL RELATING TO THE ABOVE NAMED PLAINTIFF/S, OR AS SET FORTH IN THE ACCOMPANYING SUBPOENA.

```
                                    BAKER & MC KENZIE LLP
                                    PRUDENTIAL PLAZA  S-3500
                                    CHICAGO IL 60601
                                    ATTORNEY (S) FOR DEFENDANT
```

        THERE WILL BE NO INTERROGATION OF THE DEPONENT/S.
        THESE DEPOSITIONS ARE FOR PURPOSES OF COPYING RECORDS ONLY.
        IF THERE ARE ANY QUESTIONS REGARDING THESE DEPOSITIONS,
               PLEASE CALL 312-726-6650.



A COPY OF THE ABOVE NOTICE WAS MAILED/DELIVERED TO THE ABOVE NAMED ON  3/11/08 IN THE P.M.
HIPAA ADVISORY:  ON  3/11/08 THE ABOVE NOTICE WAS SENT TO THE ATTORNEY FOR THE INDIVIDUAL WHO IS THE SUBJECT
OF THE HEALTH INFORMATION REQUESTED AND THIS NOTICE INCLUDES SUFFICIENT INFORMATION ABOUT THE LITIGATION IN

NO. 1:07-CV-6330                    SERVICE LIST                                    03068110

MISTAK
VS. MORRIS MATERIAL, ET AL.


KOPKA, PINKUS, DOLIN & EADS, PC          JOHNSON & BELL, LTD.
200 N. LA SALLE ST.  S-2850              33 W. MONROE ST.  S-2500
CHICAGO IL 60601-1014                    CHICAGO IL 60603-5404
ATTORNEY(S) FOR CO-DEFENDANT             ATTORNEY(S) FOR CO-DEFENDANT

AO 88 (Rev. 11/91) Subpoena in a Civil Case                                      03068110 - 53682

# United States District Court

__NORTHERN__ DISTRICT OF __ILLINOIS    EASTERN DIVISION__

MISIAK

V.                                               **SUBPOENA IN A CIVIL CASE**

MORRIS MATERIAL, ET AL.

CASE NUMBER: 1:07-CV-6330

TO: KEEPER OF THE RECORDS
UNION TANK CAR COMPANY
175 W. JACKSON BLVD.  S-2100
CHICAGO IL 60604

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | **IMPORTANT** *THIS SUBPOENA WILL NOT NECESSITATE YOUR PERSONAL APPEARANCE IF YOU SIGN THE ENCLOSED STATEMENT AND SUBMIT ALL YOUR RECORDS BY THE DUE DATE INDICATED ON THE SUBPOENA. **FOR INFORMATION CALL 312-726-6650** | COURTROOM |
|---|---|---|
| | | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHED ADDENDUM PERTAINING TO MARION MISIAK A/K/A MITCH MISIAK ( DOB N/A, SSN N/A).

| PLACE | 30 N. LA SALLE SUITE 1800 CHICAGO, IL | DATE AND TIME | 10:00 A.M. WEDNESDAY, MARCH 26, 2008 |
|---|---|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PLACE | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 3/11/08 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| 312-726-6650   ATTORNEY(S) FOR DEFENDANT | |
| BAKER & MC KENZIE LLP | |

## Rider A

## Union Tank Car Company

### DEFINITIONS

1. "Communication" means all discussions, conversations, interviews, negotiations, cablegrams, mailgrams, e-mails, telegrams, telexes, facsimile transmissions, cables, letters, confirmations, or other forms of written or verbal discourse, however transmitted, including reports, notes, memoranda, lists, agendas, and other documents and records.

2. "Document" or "documents" means and includes any writing of any kind including, but not limited to, letters, e-mails, correspondence, memoranda, notes, desk calendars, diaries, statistics, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, brochures, prospectuses, interoffice and intraoffice communications, offers, advertisements and other promotional literature, letters, records of telephone conversations, records of personal conversations or interviews or any other sort of conversation, records of meetings or conferences, reports of investigations or negotiations, photographs, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, worksheets, logs, purchase orders, sales material, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or oral records of representations of any kind, and electronic, mechanical or electrical records of representations kept on computer hard drives, networks, archival and/or backup tapes, CD, DVD, external or thumb drive, or any other means of electronic information storage

of any kind, of which you, your attorneys, experts, employees, or agents have knowledge, or which are now or were formerly in your actual or constructive possession, custody, or control.

3. The term "identify":

(a) When used in reference to a natural person, requests such person's full name, present or last known residence and business addresses, job title, dates of employment, and telephone number;

(b) When used in reference to an organization or entity, requests the organization's full and complete name and principal place of business, the legal nature of the organization, the date on which the organization commenced doing business, each and every officer in the organization, and the principals of the organization;

(c) When used in reference to a document, requests the name and type of the document, the date of the document, the sender and recipient of the document, and a brief description of the document's subject matter; and

(d) When used in reference to a thing or an event, requests a brief description of the thing or event, the date, the identities of all persons who have personal or corporate knowledge of it, and the identity of the documents relating to it.

4. "Person" or "persons" shall refer to any natural person, association, partnership, corporation, organization, business trust, joint venture, receiver, estate syndicate or any other combination acting as a unit or acting as a form of legal entity, including the parties to this suit and their officers, agents, employees and representatives.

5. "Refer(s)", "relate(s)" "refer(s) to" or "relate(s) to" means mentioning, discussing, summarizing, describing, referring to, depicting, evidencing, reflecting, embodying, constituting, concerning, containing, contradicting, identifying, responding to, comprising, constituting, including, regarding, reporting, or in any way involving.

6. "Misiak" refers to Marion Misiak, a/k/a Mitch Misiak and each of his

agents or representatives, officers, employees, accountants, attorneys, consultants, assignees, predecessors, successors, and anyone else acting or purporting to act on his behalf, and shall be interpreted in the manner which provides the most complete production of documents and information.

7. "Union Tank" shall mean Union Tank Car Company, and any manager, officer, director, employee, representative, agent, or attorney acting on its behalf.

8. "Complaint" shall mean the Complaint pending in the U.S. District Court for the Northern District of Illinois filed by Marion Misiak and Mary Beth Misiak on November 8, 2007 that forms the basis of Civil Action No. 07-C-6330.

9. "Geared Limit Switch" shall mean the geared limit switch and any components thereof, catalog #44-1E-1-P-32, serial #C02271, referenced in Plaintiffs' Complaint, and also referred to therein as the electric limit switch.

10. "Incident" shall mean the events described in the Complaint as having occurred at the Union Tank facility located in East Chicago, Indiana on November 7, 2006 involving Plaintiff Misiak, which include the alleged failure of a crane cable supporting a metal train car jacket on which Plaintiff Misiak was working as a welder and which are alleged to have caused his injuries.

11. As used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine, feminine, or neuter pronouns shall be deemed to include each other; the disjunctive "or" shall be deemed to include the conjunctive "and"; the conjunctive "and" shall be deemed to include the disjunctive "or"; and each of the functional words "each," "every," "any," and "all," shall be deemed to include all the other functional words, as necessary to bring within the

scope of these interrogatories any documents, things, or information that might otherwise be construed to be outside the scope of these requests.

### Document Requests

1. Any and all communications or other correspondence, including without limitation, e-mails, that were sent or received by Union Tank arising out of or in any way relating to the Incident.

2. Any and all documents and records related to the purchase, installation, maintenance, repair and/or service of the Geared Limit Switch.

3. Any and all documents, correspondence, files, records, photographs, notes, memoranda, or other tangible things relating to the Incident and/or Union Tank's investigation, either through itself or any agent, of the Incident.

4. Any and all documents relating to Misiak, including, without limitation, payroll records, personnel files, employment records, and workers' compensation records.

CHIDMS1/2589441.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and<br>MARY BETH MISIAK,<br><br>                Plaintiffs,<br><br>        v.<br><br>MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P&H Cranes, P&H CRANES, individually and as a division of Morris Material Handling, Inc.., WHITING CORPORATION, a foreign corporation, HUBBELL INCORPORATED, a foreign corporation, d/b/a Gleason Reel Corp., and GLEASON REEL CORP., a foreign corporation, a/k/a GRC International, individually and as a division of Hubbell Incorporated,<br><br>                Defendants. | No. 07 C 6330<br><br>Jury Demanded |

## AFFIDAVIT OF MARK L. KARASIK

I, Mark L. Karasik, being duly sworn upon her oath, states as follows:

1.      I am one of the attorneys for defendants Gleason and Hubbell in the above matter.

2.      Through Record Copy Service, I caused a subpoena to issue to Union Tank Car Company. Union Tank Car Company is represented by Timothy Hoffman of Sanchez Daniels & Hoffman.

3.      I communicated both in writing and orally with counsel for Union Tank Car Company, Mr. Hoffman. I asked for an available date to inspect the premises and the products involved. I also asked for compliance with my subpoena.

4.      While cordial and professional, Mr. Hoffman firmly told me that Union Tank Car Company would not respond to the subpoena or make the products and premises available until an alleged conflict between Union Tank Car Company and co-defendant Morris Material Handling Inc.'s attorney is resolved. Mr. Hoffman and I agreed that the best way to bring the issue before the court was in the form of a motion to compel.

5.      Hubbell and Gleason will be unduly prejudice absent compliance with the subpoena and inspection of the premises.

EXHIBIT B

1

FURTHER AFFIANT SAYETH NOT.

_____
Mark L. Karasik

Subscribed and Sworn to
before me this _18_ day of March 2008.

_____
Notary Public

"OFFICIAL SEAL"
HEATHER L. LASUSA
Notary Public, State of Illinois
My Commission Expires May 19, 2009

2