IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARION MISIAK and <br> MARY BETH MISIAK <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS MATERIAL HANDLING, INC., <br> a foreign corporation, d/b/a P&H Cranes, <br> P&H CRANES, individually and as <br> a division of Morris Material Handling, <br> Inc., WHITING CORPORATION, a <br> Foreign corporation, HUBBELL <br> INCORPORATED, a foreign corporation <br> d/b/a Gleason Reel Corp., and <br> GLEASON REEL CORP., a foreign <br> Corporation, a/k/a GRC International, <br> individually and as a division of <br> Hubbell Incorporated, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> No. 07 C 6330 <br><br> Honorable Judge John W. Darrah |

### **UNION TANK CAR COMPANY'S MOTION TO DISQUALIFY**

NOW COMES, UNION TANK CAR COMPANY ("Union Tank"), by and through its attorneys, Timothy V. Hoffman and Paige C. Donaldson, and for its Motion to Disqualify Johnson & Bell, Ltd. ("Johnson & Bell") as counsel for MORRIS MATERIAL HANDLING, INC. D/B/A P&H CRANES and P&H CRANES, states as follows:

1.      This cause arises out of a product liability and negligence action brought by Plaintiffs, Marion and Mary Beth Misiak, against Defendants, Morris Material Handling, Inc. d/b/a P&H Cranes and P&H Cranes ("Morris Material"), represented by Johnson & Bell, Whiting Corporation ("Whiting"), Hubbell Incorporated ("Hubbell") and Gleason Reel Corp. ("Gleason"), in connection with personal injuries sustained by Plaintiff Marion Misiak while working as an employee of Union Tank in East Chicago, Indiana.  Specifically, on November 7,

2006, Marion Misiak was working near a crane carrying a metal jacket when a cable on the overhead crane broke, causing the metal jacket to fall and strike him.  As a result, Marion Misiak suffered catastrophic injuries.  Plaintiffs allege that the injuries were caused, in part, by Morris Material's negligent inspection, maintenance and repair of the crane which was manufactured by Whiting and which contained a component part designed and manufactured by Hubbell and Gleason. Plaintiffs' Complaint also includes claims for strict products liability and negligence against Whiting in connection with its manufacture of the crane and against Hubbell and Gleason in connection with the design and manufacture of the component part. As the employer, Union Tank is not a party to the instant case pursuant to Indiana's Workers' Compensation Act.  Ind. Code § 23-3-2-6.

  2.  However, Union Tank's safety policies and procedures are at direct issue in this case and its interests will be significantly affected by the outcome of this matter.  Morris Material denied that it was negligent and raised Union Tank's alleged fault in causing Plaintiff's accident as an affirmative defense and named Union Tank as a nonparty under Indiana's Comparative Fault Act.  Ind. Code § 34-51-2-14.  Morris Material alleged that Union Tank was negligent in that it: 1) failed to adequately train Marion Misiak, including training concerning the unsafe act of being under a load carried by an overhead crane; 2) failed to train the crane operator with regard to the unsafe act of carrying a load over an individual; 3) failed to implement a safety program that prevented a load suspended from a crane being carried over an individual; 4) wired, or re-wired the trolley and/or hoist of the crane that impacted the effectiveness of the upper limit switch; and 5) failed to adequately train the operator of the crane regarding two blocking and to train the operator to watch the height of the cranes hook lock. Where a nonparty defense is asserted, fault is apportioned between the plaintiff, defendant and

any properly named nonparty. Ind. Code § 34-51-2-14. To that end, Union Tank's workers' compensation lien will be diminished in the same proportion as Plaintiff Marion Misiak's recovery is reduced based on the percentage of fault apportioned Union Tank as a nonparty. Ind. Code § 34-4-33-12; *Weidenaar v. Indiana Insurance Co.*, 874 F.Supp. 235, 237 (N.D.Ind. 1995). Morris Material and Union Tank are essentially opposing parties in this case.

3. On March 4, 2008, the following discovery topics were identified by all of the parties in their Joint Report as necessitating discovery: 1) how the accident occurred; 2) the work done on the crane by Union Tank or other entities; and 3) Union Tank's training of the crane operator and Plaintiff and other Union Tank employees regarding the use of cranes. It is clear, based on Morris Material's allegations against Union Tank outlined above, and the scope of discovery anticipated by all of the parties in their Joint Report, that Union Tank's safety policies and procedures are at the center of this case.

4. Johnson & Bell previously represented Union Tank in approximately 320 matters beginning approximately in the mid 1970s through 2006. Johnson & Bell's prior representation of Union Tank is substantially related to its present representation of Morris Material because Johnson & Bell received confidential information pertaining to Union Tank's safety policies and procedures that is not only relevant, but critical, to the instant matter. *LaSalle National Bank v. County of Lake*, 703 F.2d 252, 255 (7th Cir. 1983).

5. Johnson & Bell must be disqualified from representing Morris Material in the present litigation due to the conflict of interest between Johnson & Bell and Union Tank arising out of Johnson & Bell's prior representation of Union Tank in substantially related matters over the course of approximately thirty years. Ill. Sup. Ct. R. of Professional Conduct 1.9; N.D. Ill. LR 83.51.9(a); *LaSalle National Bank v. County of Lake*, 703 F.2d 252, 255 (7th Cir. 1983);

*Westinghouse Electric Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 225 (7th Cir. 1978).  Moreover, Johnson & Bell is currently in possession of all files related to the matters it previously handled for Union Tank and continues to submit invoices for legal services performed in connection with its representation of Union Tank.

6. In support of this Motion, Union Tank files the following documents as Exhibits contemporaneously with its Memorandum: Plaintiffs' Complaint at Law ("Exhibit A"); Morris Material's Answer and Affirmative Defenses to Plaintiffs' Complaint ("Exhibit B"); The Parties' Joint Report from Planning Conference ("Exhibit C"); and Affidavit of Laura Lahr Narvaez ("Exhibit D").

WHEREFORE, UNION TANK CAR COMPANY prays this Honorable Court enter an Order disqualifying Johnson & Bell as counsel for MORRIS MATERIAL HANDLING, INC. D/B/A P&H CRANES and P&H CRANES in this matter, and for any other relief it deems just and proper.

        Respectfully Submitted,

By:    /s / Timothy V. Hoffman
      Timothy V. Hoffman
      Attorney for Union Tank Car Company

Timothy V. Hoffman (ARDC 6186716)
Paige C. Donaldson
Sanchez Daniels & Hoffman LLP
333 West Wacker Drive, Suite 500
Chicago, IL  60606
(312) 641-1555