IN THE UNITED STATED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARION MISIAK and MARY BETH MISIAK, | ) | |
|     Plaintiffs, | ) | NO: 07 C 6330 |
| vs. | ) | |
| | ) | Judge John W. Darrah |
| MORRIS MATERIAL HANDLING, INC., | ) | |
| a Foreign Corporation d/b/a P&H CRANES, | ) | Magistrate Judge Nolan |
| P&H CRANES, Individually and as a Division | ) | |
| of MORRIS MATERIAL HANDLING, INC., | ) | |
| WHITING CORPORATION, a Foreign | ) | |
| Corporation, HUBBELL INCORPORATED, a | ) | |
| Foreign Corporation d/b/a GLEASON REEL | ) | |
| CORP., and GLEASON REEL CORP., a Foreign | ) | |
| Corporation a/k/a GRC INTERNATIONAL, | ) | |
| Individually and as a Division of HUBBELL | ) | |
| INCORPORATED, | ) | |
|     Defendants. | ) | |

## JOINT REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to Rule 26(f), Antonio M. Romanucci and Stephan D. Blandin of Romanucci & Blandin, LLC., representing the Plaintiffs, and Thomas J. Andrews of Johnson & Bell, Ltd. representing the Defendant, Morris Material Handling, Inc., Timothy M. Palumbo of Kopka, Pinkus & Dolin, P.C. representing Defendant, Whiting Corporation and Mark L. Karasik of Baker & McKenzie representing Defendants, Hubbell Incorporated and Gleason Reel Corp., have had meetings and discussions pursuant to Rule 26(f) to discuss the issues in this case and submit this joint report.

**(1)** **The nature and basis of claims and defenses.**

This is a diversity action claiming personal injury due to an accident on November 7, 2006 at the Union Tank Car facility in East Chicago, Indiana. A load which was being carried by an overhead crane fell from that crane striking Plaintiff. Whiting Corporation is alleged to be the manufacturer of the crane. Defendants, Hubbell Incorporated is a parent of Gleason Reel Corp. which manufactured a component that was allegedly installed on the crane. Morris Material Handling, Inc. did maintenance and repair of the crane shortly before this accident.

Plaintiff is claiming to have suffered significant brain injury, causing multiple hospitalizations and in excess of $1 million dollars in medical bills. Plaintiff is claiming permanent injury, including physical and mental disabilities, as well as inability to return to work.


EXHIBIT C

Affirmative Defenses have been raised by one or more Defendants of Statute of Repose, Plaintiff's comparative fault, and Union Tank Car's fault pursuant to Indiana's Comparative Fault Act.

**(2) Possibilities for a prompt settlement or resolution of this case.**

Because of the complexities of both the facts of the accident, and the claimed injury, it is anticipated that extensive discovery will be required before any discussion of settlement.

**(3) To make or arrange for the disclosures required under Rule 26(a)(1); and**

**(4) To develop a discovery plan.**

The parties have agreed and submitted a Proposed Scheduling Order.

To that end, the parties propose the following:

A. The issues in this case may be simplified by taking the following steps:

This is a mixed product liability and negligence case, and expert testimony will likely be offered by both parties as to the cause of the occurrence.

B. The following modifications to discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

The parties agree that it can be likely more than 10 depositions per side will be necessary, and propose that Plaintiffs and Defendants be allowed 20 depositions per side, and additional depositions if agreed upon by the parties or allowed by court order.

C. Discovery will be needed on the following subjects:

1. How the accident occurred.

2. Each Defendant's involvement with the crane.

3. The work done on the crane by Union Tank Car, and or other entities.

4. Training of the crane operator and Plaintiff and other Union Tank Car employees regarding use of cranes.

5. The nature and extent of the damages sustained by the Plaintiff.

6. The nature and extent of the Plaintiff's economic damages.

D. Discovery should be conducted in phases.

E. The parties agree that communication by e-mail is the accepted and preferred method of written communication.

\*\*Thomas J. Andrews of Johnson & Bell, Ltd. having authority to file Joint Submission Report of Parties' Planning Conference from all attorneys, including signing for each attorney.

Antonio M. Romanucci

By: /s/Antonio M. Romanucci
Attorney for Plaintiffs
Romanucci & Blandin, LLC

Stephan D. Blandin

By: /s/Stephan D. Blandin
Attorney for Plaintiffs
Romanucci & Blandin, LLC

Thomas J. Andrews

By: /s/ Thomas J. Andrews
Attorneys for Defendant, Morris Material Handling
Johnson & Bell, Ltd.
Thomas J. Andrews

Timothy M. Palumbo

By: s/s Timothy M. Palumbo
Attorneys for Defendant, Whiting Corporation
Kopka, Pinkus & Dolin, P.C.

3

                    Mark L. Karasik

By:   /s/ Mark L. Karasik
       Attorneys for Defendants, Hubbell Incorporated
       and Gleason Reel Corp
       Baker & McKenzie

                    Judge John W. Darrah

                    United States District Judge

Dated: March 4, 2008

## PROOF OF SERVICE

The undersigned, a non-attorney, on oath states I served the foregoing document to the attorneys of record in this cause via electronic filing and serving a copy of same on March 4, 2008.

Subscribed to and Sworn to before me this 4th day of March, 2008.

                    NOTARY PUBLIC

"OFFICIAL SEAL"
NANCY TOMALA
Notary Public, State of Illinois
My Commission Expires 07/23/09