6799-08001                          TJA/JBC/JSS/nr
IN THE UNITED STATED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MARION MISIAK and MARY BETH MISIAK,  )
             Plaintiffs,          )
                         )    NO:   07 C 6330
vs.                       )
                         )    Judge Darrah
MORRIS MATERIAL HANDLING, INC.,    )
a Foreign Corporation d/b/a P&H CRANES,  )   Magistrate Judge Nolan
P&H CRANES, Individually and as a Division )
of MORRIS MATERIAL HANDLING, INC.,  )
WHITING CORPORATION, a Foreign     )
Corporation, HUBBELL INCORPORATED, a  )
Foreign Corporation d/b/a GLEASON REEL  )
CORP., and GLEASON REEL CORP., a Foreign )
Corporation a/k/a GRC INTERNATIONAL,  )
Individually and as a Division of HUBBELL  )
INCORPORATED,                 )
             Defendants.       )

## MEMORANDUM IN OPPOSITION OF MOTION TO DISQUALIFY

NOW COMES JOHNSON & BELL, LTD., as Counsel for Defendant, MORRIS

MATERIAL HANDLING, INC., and in Opposition to the Motion to Disqualify, states as

follows:

## ADDITIONAL FACTS

UTC Company (hereinafter "UTC") via counsel, Timothy Hoffman, advised Johnson &

Bell, Ltd. that UTC believed that there was a conflict of interest in Johnson & Bell, Ltd.'s

continuing representation of Defendant, MORRIS MATERIAL HANDLING, INC., by letter of

February 1, 2008. A copy of that letter is attached as Exhibit "A". That letter did not identify

any specific case, project or issued handled by JOHNSON & BELL, LTD. that was substantially

related to the issues in Misiak. It relied upon the general representation of JOHNSON & BELL,

LTD.  That letter did not mention anything about a Worker's Compensation lien, or any right of recovery for payments made pursuant to Worker's Compensation.

JOHNSON & BELL, LTD., by letter of February 13, 2008, responded to the request by UTC to withdraw stating that it did not believe that UTC could be a party to this current litigation, that it did not believe that it ever represented UTC on the specific type of case involved, nor did have confidential information that could impact this present case. (See Exhibit "B").  The letter went on and indicated that if UTC would identify a case, project, or issue handled by JOHNSON & BELL, LTD. which UTC believed was substantially related, we would want that matter identified.  It also indicated that JOHNSON & BELL, LTD. would voluntarily withdraw in its representation of MORRIS MATERIAL HANDLING, INC. if there was confidential information pertaining to UTC that could adversely affect it in this case.  There was no response from UTC to this correspondence, with the only response being the current Motion to Disqualify.

The Affidavit presented by UTC in support of its Motion to Disqualify again does not identify any specific case, project, or issue handled by JOHNSON & BELL, LTD. on behalf of UTC, or its parent, The Marmon Group.   It also does not state that UTC made payments to plaintiff pursuant to Worker's Compensation, or that it was self-insured for any Worker's compensation benefits paid to plaintiff.

The Affidavit by the legal administrator, on its face, states that she has been in that capacity since approximately January of 2005.  However, her Affidavit goes on to state that JOHNSON & BELL, LTD. had represented UTC from the mid-1970's until 2006, and goes on to represent the nature of those matters.  The Affidavit does not state that she reviewed any of the

2

matters, that she personally handled any matters with Johnson & Bell as counsel, nor does it state how she gained knowledge of what predated her involvement with the Marmon Group. The Affidavit does not mention any specifics regarding what equipment, or safety issues were involved with Johnson & Bell's representation, but it is believed that such equipment or safety issues involved railroad tank cars maintained by UTC.

JOHNSON & BELL, LTD. has represented UTC on numerous occasions but less and less starting with a change in upper management in 2002. JOHNSON & BELL, LTD. has not represented UTC involving issues of crane maintenance, crane repair, or crane safety. (See Exhibit C). JOHNSON & BELL, LTD. has not represented UTC involving a worker's compensation case or recovery of a lien. (See Exhibit C). Recent retention of JOHNSON & BELL, LTD. had been almost exclusively involving issues of a railroad tank car being involved in an alleged chemical spill, or issues involving asbestos. (See Exhibit C). None of those recent cases arose out of any type of incident at the East Chicago, Indiana UTC facility, nor had similar issues.

## ARGUMENT

Although counsel for UTC cites to Rule 1.9 of the Illinois Rule of Professional Conduct, and Local Court Rule 83.51.9, and specifically sub-paragraph (a), which is substantially similar to the State Rule 1.9. Either rule prohibits an attorney who formally represented a client to represent another person in "the same or substantially related matter in which the person's

3

interests are materially adverse to the interest of the former client". UTC does not cite to Local Court Rule 83.51.7, which involves a prohibition of being adverse to a current client.[1]

As stated in *Panduit Corp. v. All States Plastic Manufacturing Co., 744 F.2d 1564 (7th Cir. 1984) at p. 1576;* " the Court considers the right of a party to select counsel of his choice to be a matter of significant importance, which will not be disturbed unless a specifically identifiable impropriety has occurred. A disqualification order discredits the bar generally and the individual attorneys particularly. Thus, while there can be no hesitation to disqualify where an impropriety has occurred . . . judges must exercise caution not to paint with a broad brush stroke under the guided belief that coming down on the side of disqualification raises the standard of legal ethics and the public's respect."

As stated by this Court, in *United States of America v. Ben Franklin Bank, et al., 203 U.S. Dist. LEXIS 10565*:

> A party is entitled to a degree of deference in the prerogative to proceed with counsel of its choice. *See, Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir. 1993) (Owen).* Disqualification of a party's chosen attorney is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *See, Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 722 (7th Cir. 1982) (Freeman).* Because motions to disqualify may be used as a means of

---

[1] In reviewing conflict and preparing this Response, Johnson & Bell determined that there has been some activity since UTC discontinued use of Johnson & Bell, Ltd. In one matter, activity by Johnson & Bell was a communication with UTC in 2006, advising that local counsel had reported that there was no activity since 2002. Johnson and Bell has determined that the case was never dismissed. Johnson & Bell should have closed this file since UTC will not use Johnson & Bell to handle the case and never filed an appearance. The matter was originally assigned to Johnson & Bell by Western General Management. Other recent activity was closing a file in 2007 based upon instructions that UTC no longer desired the services of Johnson and Bell, and most recently closing a file in January 2008 (before Johnson & Bell appeared in this case) after the statute of limitations had run on a claim that had not been filed, and advising UTC that the file was being closed. It is assumed that the billing referenced in UTC's affidavit was for those closing activities. None of those three matters involved similar issues, each pertaining to a railroad tank car. The current motion does not cite to Local Court Rule 83.51.7 and Johnson & Bell is no longer is representing UTC.

4

harassment, the Court reviews [*5] such motions with extreme caution. *See, Freeman, 689 F.2d at 722*. Accordingly, the moving party bears the burden of establishing that disqualification is appropriate. *See, Starling v. Cronin, 2002 U.S. Dist. LEXIS 137, 2002 WL 23896 (N.D. Ill. Jan. 7, 2001)(Starling)*.

Johnson & Bell agrees that there is a three part test put forth in *LaSalle Bank v. County of Lake, 703 F.2d 252 (7th Cir., 1983)* when one party is seeking to disqualify another party's counsel based upon prior representation and conflict of interest. In the present case, there is no party seeking disqualification. UTC is not a party, and UTC does not argue that it could become a party. Indiana does not recognize causes of action for either contribution or indemnity, but the fault of an employer can be raised by way of Affirmative Defense. In this case, Morris Material Handling has raised affirmative defenses related to UTC's conduct relative to the Misiak accident. None of the cases cited by UTC involve a motion by a non-party seeking disqualification of a parties chosen counsel. The current motion arises out of a discovery request by a Co-Defendant, and a Motion to Disqualify by a non-party. It is not anticipated that UTC will, in the future, be a party, and UTC does not try to argue it anticipates being a party to this litigation. In this case, the appearance of impropriety does not appear to be present, since Johnson & Bell, Ltd. is not adverse to a former client.

The assertion by UTC that it has a lien that would be reduced by Affirmative Defenses raised by Morris Material Handling is not presently supported by the current record. At present, neither the Court, nor Johnson & Bell, knows whether the lien is held by UTC directly, as a self insured, or by an insurance carrier. Because Johnson & Bell has not been involved in Worker's Compensation issues, it is not aware of the insurance program that UTC has for Worker's Compensation. UTC certainly implies that it made direct payments pursuant to Indiana

5

Worker's Compensation. If UTC has the lien, it had a right to intervene, pursuant to Indiana Code 22-3-2-13 within 90 days of receiving notice of the suit. *See also, Strate v. Niagara Machine Tool, 160 F.Supp.,* interpreting the prior Indiana Worker's Compensation Act to allow intervention by an employer, but not be a party in a suit brought by an employee. It should be noted that the provision of Indiana Law, Ind. Code 34-4-33-12 cited by UTC as applicable to the reduction of a lien has been repealed, and the current provision is Ind. Code 34-51-2-19, also cited by UTC. However, the proposition that a Worker's Compensation Lien is reduced based upon a reduction in a verdict due to the affirmative defense, but now governed by Ind. Code 34-51-2-19.

Assuming that UTC can establish that it is the lien holder, it still does satisfy the three part test outlined in *LaSalle.* In the first part of the three part inquiry in *LaSalle, supra* Johnson & Bell does not contest that it represented UTC, but the court must look at the nature of that prior representation. In the present case, Johnson & Bell did, at one time have a substantial relationship with UTC but primarily with a different claims administrator. The second prong of that test is whether Johnson & Bell would have been provided confidential information. Johnson & Bell, Ltd. did receive confidential information and concedes that this prong of the analysis.

However, the third prong of the inquiry is whether that information provided to counsel is relevant to issues in the pending litigation. The firm of Johnson & Bell, Ltd. does not believe that it possess confidential information that it could reveal or use against UTC in violation of Local Rules 83.51.9(b)(2) or 83.51.6(a). Although Johnson & Bell, Ltd. has represented UTC in a variety of circumstances, there are no cases that involve issues of use, safety or maintenance of overhead cranes at the facility operated by UTC in East Chicago, Indiana. The firm Johnson &

6

Bell has not represented UTC on cases involving Worker's Compensation, and the present case arises out of an injury to an employee of UTC. Johnson and Bell has not been retained to protect a Worker's compensation lien. The types of issues and equipment (railroad tank cars) at UTC involved in past representation are not substantially similar to the present litigation, which involves an overhead crane being serviced by Morris Material Handling.

Johnson & Bell, Ltd. did not handle worker's compensation claims, and does not even know whether those are part of a self insurance program, or an insured risk. Johnson & Bell, Ltd. was not retained to protect a lien of UTC, and has no knowledge about how such claims would be handled. Without such knowledge, it impossible for Johnson & Bell, Ltd. to even know whether UTC has a lien, or to what extent it might pursue such claims. This case might involve UTC, if it has a Worker's Compensation lien, to the extent its position on its lien, and waiver of such a lien. Since Johnson & Bell, Ltd. has never handled any similar case, it does not have knowledge of any decision making process for settlement. Johnson & Bell, Ltd. does not know who would be the primary decision maker for UTC for handling protection of its worker's compensation lien in a case like this.

With regard to plant operations at the East Chicago, Indiana facility of UTC, Johnson & Bell, Ltd. would have knowledge as it relates to railroad cars and maintenance issues for railroad cars. However, Johnson & Bell, Ltd. has no knowledge or information related to crane operations, crane safety, or crane maintenance at any Union Tank Car facility. Johnson & Bell, Ltd. has no information from UTC regarding training of employees on crane operations, or any safety program regarding cranes at UTC. Johnson & Bell, Ltd. would not know who was responsible for crane operations or safety at UTC.

Johnson & Bell, Ltd. had requested that UTC identify any representation that involved confidential information that could relate to the <u>Misiak</u> case. Johnson & Bell, Ltd. offered to withdraw as counsel if UTC could identify some matter or case that would have resulted in Johnson & Bell having confidential information that related to this case. Johnson & Bell never received a response. UTC, in its motion, relies upon general statement about Johnson & Bell's prior representation of UTC, and fails to provide any specifics concerning confidential information that could have been supplied to Johnson & Bell. UTC is not required to disclose confidential information to prevail on its motion, but should identify how, or when, or in what case confidential information regarding issues in this case could have been conveyed. UTC has failed to do so.

## CONCLUSION

There is no substantial relationship between the current case and the prior representation of Union Tank Car by Johnson & Bell, Ltd. Therefore, the Motion to Disqualify should be denied.

Respectfully submitted,

JOHNSON & BELL, LTD.

One of the Attorneys for Defendant,
Morris Material Handling, Inc.

Thomas J. Andrews, Esq.
Joseph B. Carini, Esq.
Joshua S. Singewald, Esq.
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
#1853915

8



# Sanchez Daniels & Hoffman LLP

## Attorneys and Counselors

Manuel "Manny" Sanchez
Timothy V. Hoffman³⁴⁴⁶
Edward N. Robles
Hugh C. O'Donnell¹
John S. Huntley
John J. Piogore
Mark S. Vilimek
Gerald M. Dombrowski
Susan K. Chae
Paige C. Donaldson¹
Mark E. Winters
Hugo Chaviano⁶ᴬ
Larry C. Jurgens
Hector Lodesma
Rossana P. Fornandez
Andrew P. Rice
Bradley D. Alexander
Emanuel C. Welch

Heather D. Erickson
Neal B. McQueeney⁹
Julie M. Vlaming⁹
Elaine C. Davenport
Michelle A. Franz
Ryan J. McQueeney
Cheryl L. Garcia
Brian M. Kuethe™
Patrick M. Ward
Joseph P. Sullivan⁹
Bryan K. Duplechein
Edric S. Bautista
Craig A. Ziolkowski
Martha-Victoria Diaz
Brian M. Morris¹
April A. Vesely
Nora C. Elias
Renee Labuz

333 West Wacker Drive, Suite 500
Chicago, Illinois 60606

Phone (312) 641-1555
Facsimile: (312) 641-3004

E-mail: sdh@sanchezdh.com
www.sanchezdh.com

February 1, 2008

Wheaton Office

2100 Manchester Road
Building A, Suite 309
Wheaton, Illinois 60187

Phone: (630) 752-9880
Facsimile: (630) 752-9881

¹ Also admitted in Indiana
ᶠ Also admitted in Wisconsin
³ Also admitted in Massachusetts
⁴ Also admitted in Missouri
⁵ Also admitted in Ohio
⁶ Also admitted in New York
⁷ Also admitted in New Jersey
ᴬ Also admitted in Pennsylvania
⁹ Also admitted in Michigan
¹⁰Also admitted in Iowa

John D. Daniels
John D. Cummins
Robert T. Varney³
Of Counsel

**VIA FACSIMILE and REGULAR MAIL**
Mr. Thomas J. Andrews
Johnson and Bell, Ltd.
33 West Monroe
Suite 2700
Chicago, Illinois 60603

     RE:   Marion Misiak vs. P&H Crane
           Court No.: 07-6330, U.S. District for the Northern District of Illinois
           Our File No.: MG-88369 _____ TVH/HL/BMM

Dear Mr. Andrews:

      This letter is a follow-up to a telephone conversation that we had last week concerning the above captioned litigation in which I advised you that it is the Marmon Group/Union Tank Car Company's position that yourself and Johnson & Bell have a conflict of interest in this case relative to your representation of Morris/ P&H Crane due to the fact that until recently, Johnson & Bell has represented Union Tank and Marmon in numerous matters over the course of at least the last fifteen years.

      During the course of that extended attorney-client relationship, your firm obtained confidential information that could be utilized to aid Morris/P&H regarding this matter to Marmon/Union Tank's detriment. Union Tank has never agreed to waive any privileged communication with your firm, and will not do so in the future.

      Furthermore, your firm's continued representation of P&H in this litigation is in violation of Rule 1.9 of the Illinois Code of Professional Code. Based on the nature of your prior representation of Union Tank, there is a reasonable likelihood that confidential information was passed during that representation and that such information is potentially relevant and adverse to Union Tank in this litigation. We believe that the case law strongly supports our position. See LaSalle National Bank vs. County of Lake, F.2d 252, 256 (7th Cir. 1983); Hasco, Inc. vs. Roche, 700 N.E.2d 768 (Ill.App. 1st Dist. 1998).



Mr. Thomas J. Andrews
Johnson and Bell, Ltd.
February 1, 2008
Page 2

    Therefore, we demand that your firm withdraw from this matter and cease and desist from any further representation of Morris/ P & H or any other entity in this matter. Furthermore, please be advised that Union Tank Car Company will not comply with any subpoena for documents served by your office and Union Tank will resist any attempt by your firm to compel the production of documents in this case. Should you continue to pursue such documents from Union Tank or The Marmon Group, we will seek all available legal remedies to protect our clients' rights.

    Should you have any questions regarding the above, please do not hesitate to contact the undersigned.

                    Very truly yours,

                    **SANCHEZ DANIELS & HOFFMAN LLP**

                    Timothy V. Hoffman

TVH/BMM

F:\DATA\HISTORY\MG\88389\Correspondence\Ltr to Johnson Bell 01-29-08.wpd

February 13, 2008

**VIA FACSIMILE:  (312) 641-3004**
Timothy V. Hoffman, Esq.
Sanchez Daniels and Hoffman, LLP
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606

Re:    <u>Marion and Mary Beth Misiak vs. Morris Material Handling,</u>
        <u>Inc., a Foreign Corporation d/b/a P&H Cranes, et al.</u>
        **U.S. District Court, Northern Dist. of Illinois, Eastern Div.**
        **Court No:**        **07 C 6330**
        **Your File No:**    **MG-88369/TVH/HL/BMM**
        **Our File:**         **6799-08001**

(312) 984-0239<br>andrewst@jbltd.com

Dear Mr. Hoffman:

We've received your facsimile of February 1, 2008 and respectfully disagree with the conflicts analysis contained therein. As you know, Union Tank Car, plaintiff's employer, is not a party to the *Misiak* litigation and cannot be made a party as Indiana substantive law which applies to this litigation does not allow for contribution against an employer.

Your letter does not refer to any particular case or project that Jonson & Bell Ltd handled for Union Tank Car. Representation by Johnson & Bell, Ltd. of Union Tank Car has been limited in the last few years. We do not believe that we ever represented Union Tank Car in the specific type of case involved in the *Misiak* litigation. We likewise do not believe that Johnson & Bell, Ltd. attorneys have any confidential information that could impact the *Misiak* litigation. We do not believe the *Misiak* litigation is "substantially related" to Johnson & Bell, Ltd.'s former representation of Union Tank Car under either Rule 1.9(a) of the Illinois Rules of Professional Conduct or LR83.51.9(a) of the Rules of Professional Conduct of the United States District Court for the Northern District of Illinois. Likewise, Johnson & Bell, Ltd. does not believe it possess confidential information that it could reveal or use against Union Tank Car in violation of Rules 1.6(a) of the Illinois Rules of Professional Conduct or LR 83.51.6(a) of the Rules of Professional Conduct of the United States District Court for the Northern District of Illinois.

If you can identify some case, project, or issue handled by Johnson & Bell, Ltd. that Union Tank Car believes is substantially related to issues in the *Misiak,* we would certainly want to know what that is. If there is confidential information that Johnson & Bell has pertaining to Union Tank Car that could adversely affect Union Tank Car in *Misiak*, we agree that Johnson & Bell, Ltd. should withdraw.



EXHIBIT
B

Timothy V. Hoffman, Esq.
Sanchez Daniels and Hoffman, LLP
February 13, 2008
Page 2


    Despite the above, Johnson & Bell, Ltd. has implemented a "Chinese wall" between myself, and my staff, and those attorneys that had contact with anyone in the Union Tank Car management or control group.

    For the above reasons, Johnson and Bell, Ltd. does not believe it requires the consent of Union Tank Car to continue with its representation of Morris Material Handling in the *Misiak* litigation.

                 Very Truly Yours,

                 JOHNSON & BELL, LTD.

FILE COPY

                 Thomas J. Andrews

TJA/nr
#1796882

6799-08001                                    TJA/JBC/JSS/nr
IN THE UNITED STATED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MARION MISIAK and MARY BETH MISIAK,   )
                   Plaintiffs,   )   NO:   07 C 6330
vs.   )
   )   Judge Darrah
MORRIS MATERIAL HANDLING, INC.,   )
a Foreign Corporation d/b/a P&H CRANES,   )   Magistrate Judge Nolan
P&H CRANES, Individually and as a Division   )
of MORRIS MATERIAL HANDLING, INC.,   )
WHITING CORPORATION, a Foreign   )
Corporation, HUBBELL INCORPORATED, a   )
Foreign Corporation d/b/a GLEASON REEL   )
CORP., and GLEASON REEL CORP., a Foreign   )
Corporation a/k/a GRC INTERNATIONAL,   )
Individually and as a Division of HUBBELL   )
INCORPORATED,   )
                   Defendants.   )

## AFFIDAVIT

    I, William V. Johnson, being first duly sworn upon oath, states as follows:

    1.    I am the President/CEO of the law firm Johnson & Bell, Ltd., and I have held that position continuously since 1979. I am also the attorney at Johnson & Bell, Ltd. that was responsible for Marmon Group as a client. In that capacity, I would be generally be aware of each file as it was opened in which Johnson & Bell, Ltd. represented Union Tank Car Company, although I would not necessarily be actively involved in the files. I do have personal knowledge of the statements made in this Affidavit.

    2.    In recent years, representation by Johnson & Bell, Ltd. of Union Tank Car Company was generally limited to personal injury cases involving either issues of claimed exposure of a plaintiff to asbestos, or claimed exposure of a plaintiff to some chemical as a result of an alleged leak from a railroad car manufactured, maintained or sold by Union Tank Car Company.

    3.    Attorneys at Johnson & Bell, Ltd. have been involved, and would be privy to information related to railroad tank car maintenance and repairs, among other matters.

    4.    Johnson & Bell, Ltd. never represented Union Tank Car Company in any case involving an overhead crane or issues of crane safety or maintenance. Union Tank Car Company has never consulted with Johnson & Bell, Ltd. regarding crane safety issues. In its representation



of Union Tank Car Company, Johnson & Bell, Ltd. would not have needed information, confidential or otherwise, regarding the use and operation of cranes at a Union Tank Car Company facility.

5.     Johnson & Bell, Ltd. never represented Union Tank Car Company in any worker's compensation claim or for a claim for recovery of a worker's compensation lien. Attorney's at Johnson & Bell, Ltd. would not know if Union Tank Car Company is insured or self-insured for any worker's compensation claim.

6.     Attorneys within Johnson & Bell, Ltd. have not been privy to Union Tank Car Company's confidential information or the decision making process with respect to handling of worker's compensation claims, settlement of worker's compensation claims, or recovery of worker's compensation liens.

7.     Attorneys within Johnson & Bell, Ltd. have not been privy to any confidential information regarding crane safety, maintenance, operation, training or repair.

8.     Further Affiant Sayeth Naught.


_____
William V. Johnson


Subscribed and Sworn to before me this 7th day of May, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
NANCY RICO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/22/10

#1852327

## <u>CERTIFICATE OF MAILING</u>

The undersigned, first being duly sworn on oath, states that she has served the attached Memorandum in Opposition to Motion to Disqualify on the attorneys of record in this cause by depositing a copy of same in the U.S. Mail, properly addressed and with proper postage affixed thereto on May 8, 2008:

By: _Nancy Kies_

SUBSCRIBED and SWORN to before me this 8th day of May, 2008.

_Louise Freitag_
NOTARY PUBLIC

"OFFICIAL SEAL"
LOUISE FREITAG
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-19-11

9

## SERVICE LIST

Re:    <u>Marion and Mary Beth Misiak vs. Morris Material Handling, Inc., a Foreign
Corporation d/b/a P&H Cranes, et al.</u>
U.S. District Court, Northern Dist. of Illinois, Eastern Div.
**Court No:    07 C 6330**
**Our File:    6799-08001**

Antonio M. Romanucci, Esq.
Stephan D. Blandin, Esq.
ROMANUCCI & BLANDIN, LLC.
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
(312) 458-1000
(312) 458-1004 – Fax
**ATTORNEYS FOR PLAINTIFF**

Thomas J. Andrews, Esq.
Joshua S. Singewald, Esq.
JOHNSON & BELL, LTD.
33 West Monroe Street - Suite 2700
Chicago, Illinois 60603
(312) 372-0770
(312) 372-9818 – Fax
**ATTORNEYS FOR MORRIS MATERIAL HANDLING, INC. (f/k/a SPH CRANE &
HOIST, INC. d/b/a MORRIS MATERIAL HANDLING)**

Timothy M. Palumbo, Esq.
KOPKA, PINKUS & DOLIN, P.C.
200 North LaSalle Street – Suite 2850
Chicago, Illinois 60601
(312) 782-9920
(312) 782-9965 – Fax
tmpalumbo@kopkalaw.com
**ATTORNEYS FOR WHITING CORPORTION**

Mark L. Karasik, Esq.
BAKER & McKENZIE, LLP
One Prudential Plaza
130 East Randolph Street – Suite 3500
Chicago, Illinois 60601
(312) 861-8000
(312) 861-2898 – Fax
Mark.l.karasik@bakernet.com
**ATTORNEYS FOR HUBBELL INCORPORATED AND GLEASON REEL CORP.**