IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARION MISIAK and MARY BETH MISIAK | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07 C 6330 |
| MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P&H Cranes, P&H CRANES, individually and as a division of Morris Material Handling, Inc., WHITING CORPORATION, a Foreign corporation, HUBBELL INCORPORATED, a foreign corporation d/b/a Gleason Reel Corp., and GLEASON REEL CORP., a foreign Corporation, a/k/a GRC International, individually and as a division of Hubbell Incorporated, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Judge John W. Darrah |
| Defendants. | | |

### UNION TANK CAR COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO DISQUALIFY

NOW COMES, UNION TANK CAR COMPANY ("Union Tank"), by and through its attorneys, Timothy V. Hoffman and Paige C. Donaldson, and for its Reply in support of its Motion to Disqualify Johnson & Bell, Ltd. ("Johnson & Bell") as counsel for MORRIS MATERIAL HANDLING, INC. D/B/A P&H CRANES and P&H CRANES, states as follows:

### ARGUMENT

Johnson & Bell concedes, assuming Union Tank's ability to establish its status as a lien holder, that Union Tank has satisfied the first two (prior legal representation and receipt of confidential information in connection therewith) of the three applicable factors that are utilized to determine whether a prior and current representation are substantially similar in order to

warrant disqualification of a law firm from representing a current client whose interest is adverse to that of a former client, as set forth in *LaSalle National Bank v. County of Lake*. 703 F.2d 252, 255 (7th Cir. 1983). (*See* Johnson & Bell's Response brief at p. 6). As to the third factor, Johnson & Bell disputes that any of the confidential information received in its prior representation of Union Tank is relevant to the issues in the pending litigation.

### UNION TANK HOLDS WORKERS' COMPENSATION LIEN

Union Tank is in fact an authorized self insurer for workers' compensation in the State of Indiana and was at the time of Plaintiff Marion Misiak's accident. (*See* affidavit attached hereto as Exhibit "A"). All of Union Tank's workers' compensation claims are paid directly by Union Tank, through its third party administrator, up to $1,000,000.00. (Exhibit "A" at ¶ 4). As a result of payments made pursuant to Marion Misiak's workers' compensation claim, Union Tank's lien in this litigation currently exceeds $700,000.00. (Exhibit "A" at ¶ 6). Thus, Johnson & Bell's argument that Union Tank does not have standing to bring its Motion to Disqualify is without merit. (*See* Response at p. 5). Union Tank does have a dog in this hunt.

### PRIOR REPRESENTATION RE: WORKERS' COMPENSATION

Johnson & Bell admits to having a "substantial" relationship with Union Tank and to receiving confidential information throughout the course of its prior representation. (*See* Response at p. 6, Exhibit "C" attached to Response at ¶¶ 2 & 3). However, it argues that Union Tank has not established the third prong of the *LaSalle National Bank* test by a showing that the confidential information received in the past representation is relevant to the present representation. 703 F.2d at 255. Johnson & Bell asserts that its past representation of Union Tank is not substantially related to its present representation of Morris Material because it never

2

represented Union Tank in any workers' compensation matters. However, Johnson & Bell was in fact involved in Union Tank's workers' compensation matters.

Johnson & Bell was retained to protect Union Tank's interests with respect to a workers' compensation claim in the *Robert Dittoe* matter which involved the fatality of a Union Tank employee at the same East Chicago, Indiana facility involved in the instant matter. (*See* correspondence attached hereto as Exhibit "B"). In *Dittoe*, Johnson & Bell researched relevant provisions of Indiana's Workers' Compensation Act and made recommendations to Union Tank regarding settlement with the deceased Union Tank employee's family members. Moreover, Johnson & Bell drafted the releases and made recommendations to protect Union Tank's interest under the Indiana's Workers' Compensation Act. Johnson & Bell's representation of Union Tank in *Dittoe* with respect to a fatally injured employee, by its own tacit admission, is substantially similar to issues involved in the present litigation. (*See* Response at p. 7).

**PRIOR REPRESENTATION RE: MANUFACTURE, MAINTENANCE & REPAIR**

Johnson & Bell also argues that its prior representation of Union Tank was not substantially similar to the present case because its prior representation did not involve an overhead crane. The fact that Johnson & Bell may not have represented Union Tank in a matter involving an overhead crane is immaterial. Prior and current representations need not involve the same facts or even the same causes of action to be substantially related. *Analytica*, *Inc*. v. *NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983); *LaSalle National Bank*, 708 F.2d at 256.

In its Affirmative Defenses, Morris Material claimed that Union Tank was at fault for Marion Misiak's accident in part due to its failure to adequately train employees and as a result of its maintenance and repair of equipment. (*See* Exhibit "B" attached to Motion to Disqualify,

3

second affirmative defense at ¶¶ 1-5).  All of the parties also identified Union Tank's employee training and maintenance and repair of equipment standards as subjects necessitating discovery in their joint planning report.  (*See* Exhibit "C" attached to Motion to Disqualify at ¶ 4(C)).  Morris Materials' allegations and the scope of discovery anticipated by the parties indicate that plant operations and Union Tank's standards regarding maintenance and repair of equipment are issues germane to the instant case.

Johnson & Bell admits in its Response that it has confidential information, received through the course of its prior representation of Union Tank, with regard to plant operations at the East Chicago, Indiana facility as it relates to railroad cars and maintenance issues for railroad cars.  (*See* Response brief at p. 7).  Affiant William Johnson unequivocally acknowledges that Johnson & Bell was privy to information related to railroad tank car manufacture, maintenance and repair.  (*See* Exhibit "C" of Response brief at ¶¶ 2 & 3).

Plaintiff Misiak was a welder/fabricator in the jacket shop at Union Tank's East Chicago, Indiana facility.  As part of the manufacturing process of railroad tank cars, it is the function of the jacket shop to insulate railroad tank cars and cover the insulation with an outer shell or jacket.  Misiak was struck by the metal jacket of a tank car, five pieces of plate welded together end on end, which fell from an overhead crane while he was working in the jacket shop. (*See* Affidavit attached hereto as Exhibit "C").  Johnson & Bell has admitted that it possesses confidential information from Union Tank related to issues undoubtedly relevant to the instant matter.

These facts are analogous to those in *Analytica*.  There, the law firm representing the plaintiff in an antitrust suit was disqualified from the matter because the same firm had previously represented the defendant in a stock transfer proceeding.  708 F.2d at 1269.

Notwithstanding the fact that one representation involved an antitrust suit and the other a stock transfer, the court found that the two representations were substantially related because the firm received confidential information pertaining to the defendant's profitability, sales prospects, and general market strength when it represented the defendant in a prior stock transfer case.  *Id*.

The fact that Johnson & Bell did not represent Union Tank in a case involving the overhead crane at issue or any other overhead crane does not preclude a finding of a substantial relationship.  The overhead crane at issue was a piece of equipment in the jacket shop which was utilized in the manufacture of tank cars.  (*See* Exhibit "C" at ¶ 4).  Although the facts and specific piece of equipment involved in the past and present representations may differ, there is nevertheless a substantial relationship because Johnson & Bell admittedly received confidential information regarding issues that are common to both representations, to wit, confidential information regarding safety policies and procedures at the East Chicago, Indiana facility and information pertaining to the maintenance, manufacture and repair of tank cars.  (*See* Response brief at pp 6-7, Exhibit "C" of Response at ¶¶ 2 & 3).

## LACK OF EXPRESS CONSENT

Finally, while less than clear, Johnson & Bell seems to suggest that Union Tank may have waived its right to move to disqualify Johnson & Bell because it did not specify the exact conflict that it believed existed in preliminary correspondence.  It is Johnson & Bell's onus to screen all matters it receives for potential conflicts.  Johnson & Bell's blanket denial of a conflict and its insistence that Union Tank convince it to withdraw, especially in light of the current circumstances, is without a basis in law. In order to represent Morris Material in litigation where its interests are adverse to those of Union Tank, Johnson & Bell must have the express consent of Union Tank.  Ill. Sup. Ct. R. of Professional Conduct 1.9(a)(1); N.D. Ill. LR 83.51.9(a).

## **CONCLUSION**

Contrary to Johnson & Bell's Response and supporting affidavit, it did represent Union Tank's interest with respect to workers' compensation matters. It further received confidential information relevant to the present case in matters regarding safety policies and procedures at the East Chicago, Indiana facility and information pertaining to the maintenance, manufacture and repair of tank cars. Thus, Johnson & Bell must be disqualified due to the conflict of interest between its current representation of Morris Material and prior representation of Union Tank in substantially related matters over the course of several decades.

WHEREFORE, UNION TANK CAR COMPANY prays this Honorable Court to enter an Order disqualifying Johnson & Bell as counsel for MORRIS MATERIAL HANDLING, INC. D/B/A P&H CRANES and P&H CRANES in this matter, and for any other relief it deems just and proper.

                                                  Respectfully Submitted,

                                                  By:    /s/ Timothy V. Hoffman
                                                        Timothy V. Hoffman
                                                        Attorney for Union Tank Car Company

Timothy V. Hoffman (ARDC 6186716)
Paige C. Donaldson
Sanchez Daniels & Hoffman LLP
333 West Wacker Drive, Suite 500
Chicago, IL  60606
(312) 641-1555