IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and MARY BETH MISIAK,<br><br>Plaintiffs,<br><br>v.<br><br>MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P & H Cranes, P&H CRANES, a division of Morris Material Handling, Inc., et al.,<br><br>Defendants. | No. 07 C 6330 |

## NOTICE OF FILING

To: **VIA ECF FILING**
    Attorneys of Record

**PLEASE TAKE NOTICE** that on the 21st day of **May, 2008,** there was filed with the Clerk of the U.S. District Court, Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, 60604, **Union Tank Car Company's Additional Documents as to Exhibit B of its Reply in Support of its Motion to Disqualify,** a copy of which we attach hereto and serve upon you herewith.

  /s/Paige Donaldson
Paige Donaldson
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
(312)641-1555

## PROOF OF SERVICE

I hereby certify that I electronically filed this Notice of Union Tank Car Company's Additional Documents as to Exhibit B of its Reply in Support of its Motion to Disqualify via the ECF System and that a true and correct copy will be served electronically to all attorneys of record and I served this Notice of Union Tank Car Company's Additional Documents as to Exhibit B of its Reply in Support of its Motion to Disqualify by mailing a copy to the above-listed Non ECF participants at the address(es) indicated above from 333 West Wacker Drive, Suite 500, Chicago, Illinois 60606 at or before 5:00 p.m. on May 21st, 2008 and that this statement as set forth is true and correct.

  /s/ Paige Donaldson

JOHNSON, CUSACK & BELL, LTD.

ATTORNEYS AT LAW
SUITE 1900
211 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60606

TELEPHONE (312) 372-0770
TELEX 764312 JCB UD
TELECOPIER (312) 372-9818

330 SOUTH NAPERVILLE ROAD
WHEATON, ILLINOIS 60187
TELEPHONE (312) 510-0880

WILLIAM V. JOHNSON
RAYMOND R. CUSACK
JOHN W. BELL
JACK T. RILEY, JR.
BRIAN C. FETZER
THOMAS H. FEGAN
DONALD N. HOPPE
THOMAS W. MURPHY
PAMELA L. GELLEN
THOMAS J. ANDREWS
WILLIAM G. BEATTY
JOHN A. CHILDERS
ROBERT L. NORA
MARGARET A. UNGER
TIMOTHY J. McKAY
EDWARD M. RUBIN
PAUL J. WISNER

VALERIE HARRIS ADLER
LEO G. AUBEL
MICHAEL R. BODDEN
ROBERT M. BURKE
LORI F. CHACOS
ROBERT J. COMFORT
LEAH R. COOPER
DENNIS G. CUSACK
EDWARD G. D'ARCY, JR.
JOHN W. EMERSON
PATRICIA A. FLYNN
MICHAEL B. GUNZBURG
SUSAN MARZEC HANNIGAN
CORNELIUS J. HARRINGTON III
THOMAS J. KOCH
KATHRYN K. LOFT
EMILIO S. MACHADO
H. PATRICK MORRIS
FREDERICK S. MUELLER
NANCY TORDAI O'SHAUGHNESSY
KEVIN G. OWENS
CHARLES W. PLANEK
THOMAS F. POELKING
CHARLES P. RANTIS
STEVEN I. RAFAPORT
RICHARD J. ROSENBLUM
MARK F. SCHROEDER
MICHAEL P. SIAVELIS
JANE E. SIMON
DON M. SOWERS
ROBERT A. TOWNSEND

August 11, 1988

Mr. William Finkler
Union Tank Car Company
151st & Railroad Avenue
East Chicago, Indiana 46312

Re: Robert Dittoe Fatality, Plant #1, East Chicago
    Our File No. 2648-8001

Dear Bill:

I am forwarding to you with this letter Releases to be used in your negotiated settlement with the Dittoe family. Please note that there is a separate Release for each of the five next of kin pursuant to your direction. I would ask that you review the Releases at your earliest convenience and contact me with any questions or suggestions you may have so that they can be discussed and resolved prior to your meeting with the Dittoe family representatives on August 12.

Pursuant to your direction, we have researched the Indiana Workmen's Compensation Act. We have determined through our research that dependents under the Act are defined as (1) presumptive dependents (2) total dependents in fact, and (3) partial dependents in fact. Indiana Code annotated Section 22-3-3-19 (1986). The Indiana Supreme Court has interpreted that portion of the Statute and has stated "a dependent is one who looks to another for support and maintenance; one who is in fact dependent; one who relies on another for their reasonable necessities of life." Russell vs. Johnson, 220 Ind.649 46 N.E.2d 219 (1943). We have further determined that in Indiana the Workmen's Compensation Act does not require compensation benefits in those cases where the employee leaves no dependents. Federal Cement and Tile Company vs. Pruitt, 128 Ind.App.126, 146 N.E.2d 557(1957). The Court in the Federal Cement and Tile Company case noted, "we find no provision that any compensation due, or which may be collectible, shall belong or be paid to the personal representative, estate or heirs of a deceased employee without dependents." 146 N.E.2d at 560. It should be further noted that a parent is not presumed to be dependent upon his child for support. Coleman vs. Indiana Veneers, Inc., 182 Ind.App.634, 395

## JOHNSON, CUSACK & BELL, LTD.

Mr. William Finkler
August 11, 1988
Page 2

N.E.2d 874 (1st Dist. 1979). In the Coleman case the Court noted that a parent bears the burden of proving that he or she was dependent upon the earnings of the child and the extent of that dependency.

As a bottom line, it would appear that Union Tank Car Company does not owe compensation benefits under the Indiana Workmen's Compensation Act to the Dittoe family, unless and until the mother or one of the other heirs shows that they were dependent upon Mr. Dittoe for their support, either fully or partially. You have advised me that none of the family members were, in fact, dependent upon Mr. Dittoe for their support, even partially. If that is, in fact, true, it appears that Union Tank Car Company does not owe compensation benefits under the Act in this instance.

You have further advised me that Union Tank Car Company is paying to the family the burial expenses of Mr. Dittoe in an amount exceeding $4,000.00. I would point out that pursuant to the Act at Section 22-3-3-21, the burial expense benefit does not exceed $4,000.00. It should also be noted that burial expenses under the aforementioned section of the Act do not constitute compensation under the Act. Rayburn vs. Johnson, 505 N.E.2d 478 (2nd Dist. 1987). It is my belief, therefore, that payments made to the family for burial expenses exceeding $4,000.00 would be "voluntary" payments, rather than payments under the Act.

We have determined that the Statute of Limitations for the filing of a Worker's Compensation claim in Indiana is 2 years, pursuant to Section 22-3-3-3. We have further determined that a law suit for wrongful death in the State of Indiana must be commenced within 2 years after the date of death as a condition precedent to the existence of the action. Honda Motor Company, Ltd. vs. Parks, 45 N.E.2nd 644 (1st Dist. 1985).

Finally, I am enclosing for your review the case of Blade vs. Anaconda Aluminum Company, Inc., 452 N.E.2d 1036 (1st Dist. 1983). In that case, the Indiana Appellate Court held that the actions of an employer which would be characterized as grossly negligent or wanton were not sufficient to avoid the Worker's Compensation Act. At page 1038 of that decision the Court noted: "Anaconda's conduct, assuming Blade's allegations are true, was not exemplary, but it can at most be characterized as grossly negligent or wanton. (Citation omitted). Therefore, Blade's remedies are limited to the Workmen's Compensation Act and the Trial Court properly granted Anaconda's Motion to Dismiss." It would appear from the foregoing case that a direct action against Union Tank Car Company by the Dittoe family could only be

## JOHNSON, CUSACK & BELL, LTD.

Mr. William Finkler
August 11, 1988
Page 3

successful if the Dittoe family could show that Union Tank Car Company intentionally injured Mr. Dittoe. A mere showing of gross negligence or willful and wanton misconduct would not be sufficient to take the case out of the Workmen's Compensation Act. I would point out, however, that it is not clear whether the Workmen's Compensation Act would act as a bar to a claim by the Estate in this instance involving Mr. Dittoe, in light of the fact that no "compensation benefits" have been paid under the Act due to the lack of dependency. We have not researched this issue, but are willing to do so at your request.

I would like to reiterate at this point some of the cautions that I have provided you verbally by phone. Although we are preparing the Releases to be signed by each of the known relatives of Mr. Dittoe, we cannot state with any certainty that those Releases would be upheld in a Court of Law if challenged. The proper way to settle with the Estate of Mr. Dittoe would be to have the Estate opened in Court and have the settlement approved by the Probate Court with a finding regarding Mr. Dittoe's heirs and the amounts of money each of those persons should receive from the settlement funds. You have chosen to proceed with individual settlements with each of the known heirs with knowledge that those settlements may be subject to attack in the future. In light of your decision, I would reiterate that it would be necessary to obtain signed and notarized Releases from each of the known family members whose names you have provided to me. This will at least afford us the argument in the future, if necessary, that each individual heir separately waived and compromised any action they may have against Union Tank Car Company.

I would point out once again that in dealing with the family you should be completely "up front" and should avoid any misrepresentations or any statements that could be interpreted as being a misrepresentation. Although it is impossible to cover all of the possible areas where this could be a problem in speaking with and dealing with the family, I believe that through our conversations we have discussed most of your concerns regarding those negotiations. As I informed you, you do not have a responsibility to provide the family with legal advice as you are not their attorney. However, if the family indicates a desire to have the release documents and the situation reviewed by an attorney, you cannot and should not attempt to steer the family away from that course of action. You should merely inform the family that they should feel free to do whatever they believe is necessary prior to the signing of the Releases.

## JOHNSON, CUSACK & BELL, LTD.

Mr. William Finkler
August 11, 1988
Page 4


    Please contact me upon receipt of these materials to further discuss this matter prior to your meeting with the Dittoe family. Of course, if you have any questions while meeting with the family, please feel free to call and I will attempt to answer your questions.

    I look forward to hearing from you.

                      Very truly yours,

                        JOHNSON, CUSACK & BELL, LTD.

                  By: _____
                          John A. Childers


JAC/jk
Enclosures

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement"), by and between FLORENCE LUCILLE DITTOE, mother, next of kin and heir of ROBERT DITTOE, deceased, hereinafter referred to as the "Releasing Party", and UNION TANK CAR COMPANY, is entered into as and of and on the last day set forth herein below.

1. For and in consideration of the payment to her in the sum of SEVEN THOUSAND DOLLARS ($7,000.00) being paid on behalf of UNION TANK CAR COMPANY, the receipt of which is hereby acknowledged and the sufficiency of which is hereby acknowledged, and other good and valuable considerations including, but not limited to, payments for burial expenses of ROBERT DITTOE, deceased, in excess of those required by the Indiana Workmen's Compensation Act, Indiana Code 22-3-3-21, the receipt of which is hereby acknowledged and the sufficiency of which is hereby acknowledged, the Releasing Party, being of lawful age, does hereby individually, and for the heirs, executors, administrators, successors and assigns of the Releasing Party and the Decedent, ROBERT DITTOE, release, acquit, and forever discharge UNION TANK CAR COMPANY and all former and current employees, volunteers, agents, officers, directors, trustees and representatives of the aforementioned entity and any agent, successor, assign, heir, executor, administrator or insurer of the aforementioned entity, and all other persons, firms and corporations (the "Released Party") of and from any and all claims, actions, causes of action, demands, obligations, liens, rights, damages, costs, loss of service, expense and/or compensation of any nature whatsoever which the Releasing Party may now have or which may hereafter accrue to the Releasing Party on account of, or in any way growing out of, any and all known and unknown, foreseen and unforeseen, personal injuries and/or damages and the consequences thereof, including the death of ROBERT DITTOE, resulting, or to result by reason of an accident that occurred on or about the 3rd day of August, 1988, at the premises of UNION TANK CAR COMPANY, 151st Street and Railroad Avenue, East Chicago, Indiana, which have been settled.

1

2. The compromise and settlement forming the basis of this Settlement Agreement and Release of All Claims has been arrived at after thorough bargaining and negotiation and represents a final, mutually agreeable compromise entered into in good faith. The Releasing Party agrees that she has received no inducement, promise or offer of any kind whatsoever, except for the consideration delineated herein, and that this Agreement is executed without reliance on any statement or representation by the Released Party, or its representatives or anyone, other than the sole consideration described herein.

3. It is understood and agreed that this settlement represents a settlement as the result of a compromise of a doubtful and disputed claim, and that the aforesaid payment is not to be construed as an admission of liability on the part of UNION TANK CAR COMPANY.

4. Anything in this Agreement or any law of any state or territory of the United States to the contrary notwithstanding, this Release shall extend to all claims which the Releasing Party does not know or suspect to exist in her favor at the time of executing this Release, which, if known by her, should have materially affected her settlement with the Released Party.

5. For the consideration aforesaid, FLORENCE LUCILLE DITTOE, mother, next of kin and heir of ROBERT DITTOE, deceased, does expressly stipulate and agree to indemnify and hold forever harmless UNION TANK CAR COMPANY, against any all claims, demands, or actions which may hereinafter at any time be made or instituted against UNION TANK CAR COMPANY by anyone acting on her behalf or on behalf of the ESTATE of ROBERT DITTOE, Deceased, or on the behalf of any other, for the purpose of enforcing a claim for damages of whatsoever kind or nature on account of the injuries and death described in Paragraph 1 of this Agreement.

6. It is further agreed that this Release expresses a full and complete settlement of a liability denied and that, regardless of the adequacy of the compensation or the extent or character of the injuries and death, known and unknown, this Release is intended to avoid litigation and there is absolutely no agreement on the part of UNION TANK CAR COMPANY to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to.

2

7. This Agreement contains the entire agreement between the Releasing Party and the Released Party with regard to the matter set forth in it and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the executors, administrators, personal representatives, heirs, successors and assigns of each.

I FURTHER STATE THAT I HAVE CAREFULLY READ THE FOREGOING RELEASE AND KNOW THE CONTENTS THEREOF, AND I SIGN THE SAME AS MY OWN FREE ACT.

IN WITNESS WHEREOF, we have hereunto set our hands and seals the _____ day of _____, in the year one thousand nine hundred and eighty eight.

Witness _____

Address _____    _____
                                    FLORENCE LUCILLE DITTOE, as
Witness _____    mother, next of kin and heir of
                                    ROBERT DITTOE, deceased.
Address _____

STATE OF ILLINOIS )
                  )
COUNTY OF COOK    )

On this _____ day of _____, 1988, before me personally appeared FLORENCE LUCILLE DITTOE to me known, and known to me to be the same person described in and who executed the above instrument and she severally acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

3

 **Union Tank Car Company**

151st & Railroad Avenue
East Chicago, Indiana 46312
219/392-6237
312/374-5250

William R. Finkler
Director
Safety, Health and Environment

August 10, 1988

PERSONAL AND CONFIDENTIAL

Mr. Jack Childers
Johnson, Kusak & Bell
211 W. Wacker Drive
Suite 1800
Chicago, IL 60606

RE: ROBERT DITTOE FATALITY, PLANT #1, EAST CHICAGO
    LIABILITY RELEASES

Dear Mr. Childers:

At your request, I am forwarding names and addresses of Robert Dittoe's next of kin. It has been decided that Union Tank Car will compensate the family $35,000 plus funeral expenses. The funeral expenses will be paid under the Workers' Compensation statute and in all probability will exceed the $4,000 required benefit. Each of the next of kin will receive an equal share, or $7,000.

The meeting with family members is scheduled for 10:30 a.m. Friday, August 12. David Boliker, Manager of Manufacturing Engineering, our senior manager at this location, and I will meet with the family representatives. Prior to this meeting, I would like to review what I can/should or should not say to the family in regard to obtaining the signed releases.

Sincerely,

W. R. Finkler/reb

W. R. Finkler

WRF:reb

Enclosure

cc: ✓D. Boliker
    L. Kulekowskis

 A member of The Marmon Group of companies

ROBERT P. DITTOE  -  NEXT OF KIN
------------------------------

Mother:    Florence Lucille Dittoe
           P.O. Box 254
           Solon Springs, WI  54873

    PH:    (715) 378-2239

Brother:   Joseph Frank Dittoe
           R.D. #1  Box 310B
           Sego Sago Road
           Manheim, PA  71545

    PH:    (717) 665-7395

Sister:    Karen Ann Miller             *Karen Miller* (signature)
           1507 Michigan Street
           Hammond, IN  46320

    PH:    (219) 932-6657

Brother:   Lawrence Richard Dittoe
           5401 Taney Place
           Merrillville, IN  46410

    PH:    (219) 980-5078

Brother:   John Albert Dittoe
           204 S.W. Terry Road
           #6
           Coupe Ville, WA  98239

    PH:    (206) 678-5297

| | JOHNSON, CUSACK & BELL, LTD. | |
|---|---|---|
| WILLIAM V. JOHNSON<br>RAYMOND R. CUSACK<br>JOHN W. BELL<br>JACK T. RILEY, JR.<br>BRIAN C. FETZER<br>THOMAS H. FEGAN<br>DONALD N. HOPPE<br>THOMAS W. MURPHY<br>PAMELA L. GELLEN<br>THOMAS J. ANDREWS<br>WILLIAM G. BEATTY<br>JOHN A. CHILDERS<br>ROBERT L. NORA<br>MARGARET A. UNGER<br>TIMOTHY J. McKAY<br>EDWARD M. RUBIN<br>PAUL J. WISNER | ATTORNEYS AT LAW<br>SUITE 1800<br>211 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60606<br><br>TELEPHONE (312) 372-0770<br>TELEX 754312 JCB UD<br>TELECOPIER (312) 372-9818<br><br>330 SOUTH NAPERVILLE ROAD<br>WHEATON, ILLINOIS 60187<br>TELEPHONE (312) 510-0880 | VALERIE HARRIS ADLER<br>LEO G. AUBEL<br>MICHAEL R. BOODEN<br>ROBERT M. BURKE<br>LORI F. CHACOS<br>ROBERT J. COMFORT<br>LEAH R. COOPER<br>DENNIS C. CUSACK<br>EDWARD D. D'ARCY, JR.<br>JOHN W. EMERSON<br>PATRICIA A. FLYNN<br>MICHAEL B. GUNZBURG<br>SUSAN MARZEC HANNIGAN<br>CORNELIUS J. HARRINGTON III<br>THOMAS J. KOCH<br>KATHRYN K. LOFT<br>EMILIO E. MACHADO<br>JOHN L. MALEVITIS<br>H. PATRICK MORRIS<br>FREDERICK S. MUELLER<br>KEVIN G. OWENS<br>CHARLES W. PLANEK<br>THOMAS F. POELKING<br>CHARLES P. RANTIS<br>STEVEN I. RAPAPORT<br>RICHARD J. ROSENBLUM<br>MARK F. SCHROEDER<br>MICHAEL P. SIAVELIS<br>JANE E. SIMON<br>DON M. SOWERS<br>ROBERT A. TOWNSEND |

September 16, 1988

RECEIVED
SEP 20 1988
UTC
SAFETY DEPT

Mr. W.R. Finkler
Union Tank Car Company
151st Railroad Avenue
East Chicago, Indiana 46312

Re: R. Dittoe fatality settlement
    Our File No. 2648-8001

Dear Mr. Finkler:

I am in receipt of a copy of your letter dated September 8, 1988 to Darrell Toenjes, and attaching copies of the releases signed by all of the Dittoe family members. Pursuant to our recent telephone conversation I will now close my file and retain a copy of the file for the next two years. As I have indicated to you, you should retain a copy of your file for at least two years, or until the Statute of Limitations expires.

I will now submit this matter to our accounting department. A final invoice for our services should be mailed to you in the near future.

Once again I would like to thank you for contacting me to assist you in this matter. I trust you will contact us if we can be of assistance to you in future matters of this kind.

Very truly yours,

JOHNSON, CUSACK & BELL, LTD.

By: _Jack Childers_
    John A. Childers

JAC/jk

*TO D. TOENJES*

DITTOE FILE

```
              JOHNSON CUSACK & BELL LTD
                 211 W.WACKER DRIVE
                CHICAGO IL 60606 - 1217
                     36-2837644
                    (312) 372-0770
```

RECEIVED
OCT 27 1988
UTC
SAFETY DEPT

October 16, 1988

```
UNION TANK CAR                        2648-              Page  1
MR. WILLIAM FINKLER
151ST & RAILROAD AVENUE               Our File No. -  2648-8001
EAST CHICAGO, IN.  46312              Your File No. -
```

STATEMENT FOR PERIOD THROUGH 10/01/88

LEGAL SERVICES REGARDING:   DITTOE ROBERT FATALITY-PLANT #1   *

```
8/05/88 RESEARCH INDIANA WORKMEN'S COMP ACT      FSC    2.00   $50.00     $100.00
8/05/88 OPEN FILE;RW DOCK;ASSIGNMTS;CK CT FILES  JAC    2.10  $100.00     $210.00
        TELE CONF WITH B. FINKLER X2
8/08/88 RESEARCH INDIANA WORKMAN'S COMP ACT      FSC    2.00   $50.00     $100.00
8/11/88 PREPARE RELEASES FOR NEXT OF KIN OF      JAC    2.70  $100.00     $270.00
        DECEDENT
        LETTER TO BILL FINKLER WITH RESEARCH
        TELE CONF WITH B. FINKLER
8/12/88 TELE CONF WITH B. FINKLER                JAC     .20  $100.00      $20.00
9/02/88 TELE CONF WITH BILL FINKLER              JAC     .20  $100.00      $20.00
9/13/88 REVIEW CORRESP FROM B.FINKLER AND        JAC     .90  $100.00      $90.00
        RELEASES
        LETTER TO B. FINKLER
9/16/88 PREP FINAL CORR.DOCS. ETC RE:CLOSING  ** JAC     .50  $100.00      $50.00

Total services                                         10.60              $860.00
```

COSTS AND DISBURSEMENTS:

```
8/31/88 8/5-8/10/88 L.D.TELEPHONE CALLS JAC           10.51
9/14/88 CHICAGO MESSENGER-8/11 E. CHICAGO             23.90

Total costs and disbursements                                    $34.41

Total                                                           $894.41
```

*5/7 OK TO PAY.*
*W.R. F___*