IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and MARY BETH MISIAK,  Plaintiffs,  v.  MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P&H Cranes, P&H CRANES, individually and as a division of Morris Material Handling, Inc.., WHITING CORPORATION, a foreign corporation, HUBBELL INCORPORATED, a foreign corporation, d/b/a Gleason Reel Corp., and GLEASON REEL CORP., a foreign corporation, a/k/a GRC International, individually and as a division of Hubbell Incorporated,  Defendants. | No.  07 C 6330  Jury Demanded |

**DEFENDANTS HUBBELL INCORPORATED AND GLEASON REEL CORPORATION'S RESPONSE TO DEFENDANT MORRIS MATERIAL HANDLING'S MOTION TO CONTINUE INSPECTION**

NOW COME, Defendants, HUBBELL INCORPORATED and GLEASON REEL CORP. ("Hubbell" and "Gleason"), by and through their attorneys in this regard, Mark L. Karasik, Peter J. Gillespie and Baker & McKenzie LLP, and for their response to Defendant Morris Material Handling's Motion to Continue Inspection, state as follows:

Defendants Hubbell and Gleason have been attempting on an informal basis and by agreement to schedule an inspection of the site of the alleged accident in this case since early April. Indeed, it was Hubbell and Gleason that first brought this Court's attention to the issue of a possible conflict of interest between Union Tank Car Company and counsel for Morris Material Handling in their motion to compel of April 2, 2008 in order to facilitate this process.

[Dkt. No. 36.] Around that time, counsel for Morris Material Handling, Inc. ("Morris") indicated that Morris had no objection to the parties conducting an inspection of the facility could proceed even if his firm could not participate so long as no destructive testing occurred. A copy of counsel's e-mail to all parties dated April 3, 2008 is attached as Exhibit A. In fact, counsel for Morris even specifically delineated testing that could be done in his absence that he would not object to as constituting destructive testing. *See id*. All parties have proceeded with this understanding since then to coordinate this inspection. Incredibly, counsel for Hubbell and Gleason did not learn that Morris changed its tune until approximately 4 p.m. on the Friday before the inspection was scheduled – over two months after Morris expressly consented to allowing an inspection in its absence. As Exhibit A demonstrates, two months ago Morris did not believe that this inspection would significantly prejudice it even if it did not participate – Morris's continuance motion offers no explanation as to why Morris has changed its position from what was expressed to the parties on April 3.

Hubbell and Gleason respectfully request that the Court deny Morris's last-minute request to delay the June 24 inspection. Defendants have a number of representatives, both employees and outside potential experts, traveling to East Chicago, Indiana from out of state, including from South Carolina and California. All will be traveling on Monday, June 23 in order to meet on Tuesday morning. Thus, Hubbell and Gleason have already incurred costs based on the agreed upon June 24 inspection date. Additionally, Hubbell and Gleason are not the only parties who are participating in the inspection and who will have company representatives or outside experts present. Given the number of potential outside experts and company representatives who need to have access to the Union Tank Car facility, this Court should recognize that it could be months until all of the parties could be reassembled to conduct the

inspection. Hubbell and Gleason will be prejudiced by these additional costs and unnecessary delays.

Finally, Hubbell and Gleason object to Morris's motion on the grounds that counsel for Morris failed to comply with this Court's mandatory Local Rule 37.2 requirements before filing its continuance motion. This Court will note that any statement with respect to counsel's compliance with Local Rule 37.2 is conspicuously absent from Morris's motion. For that reason alone, the motion is defective on its face and should be denied. N.D. Ill. L.R. 37.2. As noted above, the timing of Morris's motion and its failure to notify Hubbell and Gleason that it would object to an inspection unless its counsel was present would result in these Defendants incurring unavoidable and unnecessary costs if the inspection is not held tomorrow. These costs might have been avoided if Morris had complied with its meet and confer obligations prior to filing its continuance motion and raised its concerns in a timely manner. This Court should not now permit Defendant Morris to hijack the scheduling of an inspection Morris agreed to months ago based on the potential conflict between its counsel and Union Tank Car Company.

Hubbell and Gleason recognize and respect that there is a potential conflict of interest issue in this case that requires resolution. However, this issue is not theirs. Recognizing that the issue might not be resolved prior to an inspection of the facility taking place, the parties reached an agreement with Morris that an inspection could proceed one way or the other, and planned accordingly. The parties (excepting Defendant Morris) have agreed to meet with their respective representatives at the Union Tank Car Company facility at 11 a.m. on June 24, 2008. This inspection should be permitted to proceed, as planned.

- 4 -

WHEREFORE, for each of the foregoing reasons, Defendants, HUBBELL INCORPORATED and GLEASON REEL CORP., respectfully request that this Court deny Defendant MORRIS MATERIAL HANDLING INC.'s Motion to Continue Inspection, and grant such other relief as this Court deems just and appropriate.

Dated:  June 23, 2008          Respectfully submitted,

/s/  Peter J. Gillespie
One of the Attorneys for Defendants
HUBBELL INCORPORATED
and GLEASON REEL CORP.

BAKER & McKENZIE LLP
Mark L. Karasik ARDC #6180292
Peter J. Gillespie ARDC #6272978
130 East Randolph Drive
Chicago, Illinois  60601
(312) 861-8000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing Corporate Disclosure Statement was accomplished pursuant to ECF and in accordance with Local Rule 5.9 on this 23rd day of June, 2008 as to Filing Users and to Timothy V. Hoffman, Via Email at thoffman@sanchezdh.com:

Antonio M. Romanucci
Stephan D. Blandin
Romanucci & Blandin, LLC
33 N. LaSalle St.
Suite 2000
Chicago, IL 60602
Phone:  312-458-1000
kjj@rblaw.net
sbd@rblaw.net

Thomas J. Andrews
Joseph B. Carini, III
Joshua S. Singewald
Johnson & Bell, Ltd.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603
Phone:  312-372-0770
andrewst@jbltd.com
carinij@jbltd.com
singewaldj@jbltd.com

Timothy M. Palumbo
Kopka, Pinkus & Dolin, P.C.
200 N. LaSalle St.
Suite 2850
Chicago, IL 60601-1014
312-782-9920
tmpalumbo@kopkalaw.com

                                          */s/  Peter J. Gillespie*
                                          One of the Attorneys for Defendants,
                                          HUBBELL INCORPORATED and
                                          GLEASON REEL CORPORATION

CHIDMS1/2630108.1