

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and<br>MARY BETH MISIAK,<br><br>  Plaintiffs,<br><br>  v.<br><br>MORRIS MATERIAL<br>HANDLING, INC.;<br>P&H CRANES;<br>WHITING CORPORATION;<br>HUBBELL INCORPORATED;<br>GLEASON REEL CORP.; and<br>GRC INTERNATIONAL,<br><br>  Defendants. | )<br>)<br>)<br>) No. 07 CV 6330<br>)<br>)<br>)<br>) Judge John W. Darrah<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Marion Misiak ("Misiak") and Mary Beth Misiak, have brought the above-captioned action against Morris Material Handling Inc., et al. ("Morris"), as a result of injuries Misiak sustained at his job while operating a crane that had been serviced by Morris. In its Answer to the Complaint filed by Misiak, Morris has set out affirmative defenses, the second of which alleges that Union Tank Car Company ("Union Tank"), as Misiak's employer, is partly responsible for the injuries Misiak sustained because they failed to properly train him. Now before the court is Union Tank's Motion to Disqualify the law firm of Johnson & Bell ("Johnson") from representing Morris in this matter.

## BACKGROUND

On or about November 7, 2006, Morris provided crane inspection, maintenance, and repair services to Union Tank at its facility in East Chicago, Indiana. At that time, Marion Misiak was working in the vicinity of a crane that had been serviced by Morris at the Union Tank facility in East Chicago, Indiana. On that same date, that same crane failed while carrying the metal jacket of a railroad tank car, the cable on the crane broke, and the metal jacket fell and struck Misiak. Misiak sustained significant injuries as a result of this incident. In Plaintiffs' Complaint, they allege that Morris failed in their duty to properly repair and inspect the cranes that they serviced. In its Answer to the Complaint, Morris states that Union Tank is partly responsible for the injuries to Misiak because it failed to properly train him on crane operation.

Johnson, which currently represents Morris in this case, previously represented Union Tank in about 320 matters during a time period from the mid-1970s until 2006. Union Tank is a member company of the Marmon Group LLC, which provided Union Tank with its legal representation; Johnson was hired as the primary counsel for Union Tank for all matters during the time period from the mid-1970s until 2006. The matters in which Johnson represented Union Tank included, but were not limited to: products liability, toxic tort litigation, chemical spills, releases, and numerous other matters in which Union Tank was accused of negligence. In particular Johnson represented Union Tank in 1988 in a settlement negotiation related to a workers'-compensation claim against Union Tank that resulted from a fatality in their East Chicago facility. Johnson still retains all files on Union Tank made during the course of

representation and recently has billed Union Tank for work done during the relationship that lasted until 2006.

## ANALYSIS

Union Tank asserts that the Illinois Rules of Professional Conduct Rule 1.9 and Northern District of Illinois Local Rule 83.51.9(a) prevent Johnson from representing Morris in this matter. Both rules prohibit a lawyer or law firm who has formerly represented a client from "representing another in the same or a substantially related matter in which that person's interests are materially adverse to those of a former client, unless that client consents after disclosure." *ILCS S Ct Rules of Prof.Conduct*, RPC Rule 1.9 ; *U.S.Dist.Ct.Rules N.D.Ill.*, LR 83.51.9. Union Tank has not consented to any representation of Morris by Johnson and will not consent.

The party bringing the motion to disqualify has the burden of proving that disqualification is appropriate. *Guillen v. City of Chicago*, 956 F.Supp. 1416, 1421 (N.D. Ill. 1997). In order to show that disqualification is appropriate, the former client advocating disqualification must show that the past representation and current representation are "substantially related." *Analytica Inc. v. NPD Research Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983) (*Analytica*). Substantially related in this context has been explained as whether or not an attorney could have obtained confidential information from that prior representation that is relevant to the current representation. *Analytica*, 708 F.2d at 1266. There is a three-part inquiry for determining whether the past representation is substantially related to a current representation: (1) the trial judge must make a factual reconstruction of the scope of the prior legal representation; (2) it must be determined whether it is reasonable to infer that the confidential information allegedly

3

given would have been given to a lawyer representing a client in those matters; and (3) it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client. *LaSalle National Bank v. County of Lake*, 703 F.2d 252, 255 (7th Cir. 1983) (*LaSalle*).

The first thing to be determined is the scope of the prior representation. *LaSalle*, 703 F.2d at 255. Union Tank asserts that Johnson represented their company as the primary counsel in approximately 320 matters from the mid-1970s until 2006. Union Tank further asserts that the representation of their company by Johnson included, but was not limited to, products liability, premises liability, toxic tort litigation, chemical spills, releases, and various other matters where Union Tank was accused of negligence. However, Union Tank produced documentary evidence of only one representation involving a claim similar to the one at issue in this case; Johnson represented Union Tank in 1988 in settlement negotiations related to a workers'-compensation claim that resulted from a fatality at Union Tank's East Chicago facility. The nature of the cause of the injury in that case is not identified. As to the second part of the analysis, whether or not it is reasonable to infer that the confidential information alleged to be given would be given to a lawyer handling a similar matter, Johnson concedes that they have received confidential information about Union Tank. *LaSalle*, 703 F.2d at 255.

It only remains to be determined whether the information received in prior representations is relevant to the current matter. *LaSalle*, 703 F.2d at 255. Union Tank argues that the information obtained during the prior representations by Johnson over some thirty years, particularly the handling of the 1988 matter, is relevant to the matter now before this Court. However, there has been no showing that any confidential

information that Johnson received is relevant to the current matter. Johnson offered to voluntarily withdraw if Union Tank could identify a matter in which they were represented by Johnson where information would have been given that was relevant to the current representation, and Union Tank has failed to do so. The 1988 matter did not provide Johnson with information that is relevant to the current matter; that matter did not involve overhead crane maintenance or recovery of a workers'-compensation lien. Furthermore, the representation by Johnson in the 1988 matter was limited to settlement negotiations over a period of six weeks that were the result of a fatality that was related to workers' compensation. To aid Union Tank in that settlement negotiation, Johnson did general research as to the provisions of Indiana's workers'-compensation law and reported that information to Union Tank; but as Johnson represents, they have no knowledge of Union Tank's workers'-compensation program or procedures.

As Johnson correctly states, disqualification of a party's chosen attorney is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982). The Seventh Circuit has come up with a clear method of determining when it is absolutely necessary to disqualify a party's chosen attorney, in the substantial-relationship test outlined in *LaSalle*. After applying the *LaSalle* test to the current matter, it is clear that disqualification is not warranted in this case. Johnson does not have confidential information that is relevant to the current representation; therefore, the past representation of Union Tank is not substantially related to the current representation. The Motion to Disqualify will be dismissed without prejudice, with leave to renew if a matter that is substantially related comes to light.

## CONCLUSION

For the reasons stated above, Union Tank's Motion to Disqualify Johnson as counsel for Morris in this matter is denied.

Dated: 7-10-08

JOHN W. DARRAH
United States District Court Judge