IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and<br>MARY BETH MISIAK,<br><br>Plaintiffs,<br><br>v.<br><br>MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P&H Cranes, P&H CRANES, individually and as a division of Morris Material Handling, Inc., WHITING CORPORATION, a foreign corporation, HUBBELL INCORPORATED, a foreign corporation, d/b/a/ Gleason Reel Corp., and GLEASON REEL CORP., a foreign corporation, a/k/a GRC International, individually and as a division of Hubbell Incorporated,<br><br>Defendants. | No.  07 CV 6330 |

## HUBBELL/GLEASON'S AGREED MOTION FOR PROTECTIVE ORDER

NOW COME, Defendants, HUBBELL INCORPORATED and GLEASON REEL CORP. ("Hubbell" and "Gleason"), by and through their attorneys in this regard, Mark L. Karasik, Peter J. Gillespie and Baker & McKenzie LLP, and for their Agreed Motion for Protective Order, state as follows:

1.     This motion is signed by Hubbell's counsel, but its form and substance have been shared with all parties to this litigation and they agreed with what is requested herein. The only other entity relevant to this motion is Union Tank Car Company and a copy of this motion has been sent to Union Tank Car Company's attorney, who also agrees with the relief requested.

2.     This is a products liability case wherein plaintiff was injured while manufacturing a railroad car at Union Tank Car in East Chicago, Indiana. Allegedly, an

1

overhead crane and its component parts failed, causing the injury. There is no dispute that Indiana law applies.

3. Union Tank Car has advised all parties that the facility is being sold, that the subject crane is being dismantled and that the remnants are only available for an inspection by an agreed protocol up until August 15, 2008. (See Exhibit A).

4. Hubbell/Gleason has taken the lead with respect to the protocol and has circulated same to all parties for comment. Moreover, a two-day inspection date of August 12-13, 2008, has been suggested. (See Exhibit B).

5. All the parties agree to the suggested protocol and inspection dates. Given the importance and timing of the inspection and the matters at hand Hubbell/Gleason requests a protective order asking that this Court order that the inspection proceed on August 12-13 at Union Tank at East Chicago, Indiana pursuant to the protocol which is attached hereto as Exhibit C. Also, all parties are in agreement that service and maintenance personnel from Konecranes may be present to perform the limited troubleshooting described in Section 4 of the protocol. All parties understand that Morris Material Handling is owned by Konecranes. Konecranes is being retained for this purpose by agreement.

6. Entry of a court order ordering the inspection pursuant to the suggested protocol on August 12-13, 2008, will reduce and/or eliminate any potential disputes about the timing and scope of the inspection.

7. In accordance with the Court's local rules, counsel for Hubbell/Gleason has contacted counsel for each party and Union Tank in order to meet and confer

regarding the attached protocol and the entry of the requested order. All parties are in agreement regarding the instant motion and attached protocol. (See attached exhibit D).

WHEREFORE, for each of the foregoing reasons and in accordance with Federal Rules of Civil Procedure 26 (c) defendants Hubbell/Gleason respectfully request entry of an order requiring that the inspection proceed at Union Tank on August 12-13, 2008, pursuant to the protocol circulated by Defendant Hubbell/Gleason.

                                                                               /s/ *Peter J. Gillespie*
                                                                               BAKER & McKENZIE LLP

BAKER & McKENZIE LLP
Mark L. Karasik #6180292
Peter J. Gillespie #6272978
130 East Randolph Drive
Chicago, Illinois 60601
(312) 861-8000
(312) 861-2899 (FAX)

CHIDMS1/2639227.1

3