IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and MARY BETH MISIAK, <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS MATERIAL HANDLING, INC., a foreign corporation, d/b/a P&H Cranes, P&H CRANES, individually and as a division of Morris Material Handling, Inc.., WHITING CORPORATION, a foreign corporation, HUBBELL INCORPORATED, a foreign corporation, d/b/a Gleason Reel Corp., and GLEASON REEL CORP., a foreign corporation, a/k/a GRC International, individually and as a division of Hubbell Incorporated, <br><br> Defendants. | No. 07 CV 6330 <br><br> Hon. Judge John W. Darrah |

## PLAINTIFFS' MOTION TO COMPEL

NOW COME the Plaintiffs, MARION MISIAK and MARY BETH MISIAK, by and through their attorneys, ROMANUCCI & BLANDIN, LLC, and move this Honorable Court to enter an order compelling Defendants, MORRIS MATERIAL HANDLING, a foreign corporation, d/b/a P&H Cranes, to disclose the statements and/or reports referred to in Defendant's Response to Plaintiffs' Request to Produce No. 15. In support thereof, Plaintiffs states as follows:

1.  This is a products liability action arising out of injuries sustained by Plaintiff, Marion Misiak, as a result of the failure of an overhead crane on November 7, 2006 while Plaintiff was employed with Union Tank Car in Indiana.

1

2.  In February, 2008, Plaintiffs propounded discovery on Defendants, including Defendant Morris Material Handling, d/b/a P&H Cranes. This discovery included Interrogatories to Defendant and a Request to Produce Documents. Specifically, in their Request to Produce Documents, No. 15, Plaintiffs requested that Defendant, Morris Material Handling, to produce "[a]ny and all records, OSHA reports, incident reports, investigation, statements, interviews, or photographs regarding the occurrence in which Plaintiffs was injured."

3.  On March 12, 2008, Defendants answered said discovery. As their answer to Plaintiffs' Request to Produce No. 15, Defendant identifies several reports which were prepared regarding an inspection of the crane shortly after the occurrence (See Defendant's Response to Plaintiffs' Request to Produce, No. 15 and Defendant's Response to Plaintiffs' Interrogatories, No. 6, attached hereto as Exhibits "A" and "B," respectively). Defendant summarily asserts that these documents are privileged without further explanation.

4.  Specifically, Defendant asserts that 2 reports prepared by Douglas Sumner, a former employee of Morris Material Handling, dated November 15, 2006 and November 28, 2006, are protected by a privilege. Defendant claims that the November 15, 2006 report was "prepared in anticipation of litigation and provided to Morris Material Handling's Legal Department." Defendant then claims that the November 28, 2006 report was "prepared at the request of Morris Material Handling's legal counsel."

5.  Further, Defendant asserts that a report dated August 28, 2007 by Curt Waedekin, an employee of Morris Material Handling, is also protected by a privilege. Defendant claims that Mr. Waedekin prepared this report "at the request of Morris Material Handling's legal counsel."

2

6. Since Defendant has not stated upon which theory of privilege it relies, Plaintiffs discuss both attorney-client privilege and the work-product doctrine in this motion. As to attorney-client privilege, Defendant has no valid basis upon which to rely on the attorney-client privilege in its non-disclosure of the documents. In civil actions based on diversity, based on an element or claim of defense to which state law applies, privileges are determined in accordance with state law. *Caremark, Inc. v. Affiliated Computer Servs., Inc.*, 192 F.R.D 263, 265 (N.D.Ill. 2000); Fed. R. Evid. 501. Since this court has jurisdiction over this case based on diversity of citizenship and since Plaintiffs' personal injury claim arises under Indiana law, Indiana law applies to the issue of attorney-client privilege. *Id.*

7. In Indiana, blanket claims of privilege are not favored. *Peterson v. U.S. Reduction Co.*, 547 N.E.2d 860, 862 (Ind.Ct.App. 1989). Further, when a blanket assertion of privilege is made, it will not suffice to block discovery. *Canfield v. Sandock*, 563 N.E.2d 526, 531 (Ind. 1990). Despite this disfavor of blanket assertions of privilege, Plaintiffs will first discuss Defendant's assertion under an attorney-client privilege theory.

8. Under Indiana law, the attorney-client privilege applies to all communications between the client and his attorney for the purpose of obtaining professional legal advice or aid regarding the client's rights and liabilities. *Penn Cent. Corp. v. Buchanan*, 712 N.E.2d 508, 515 (Ind.App. 1999). The person asserting the privilege has the burden of establishing its applicability. *Howard v. Dravet*, 813 N.E.2d 1217, 1222 (Ind. Ct. App. 2004). To assert the attorney-client privilege, the party must first show: (1) the existence of an attorney client relationship, and (2) that a confidential communication was involved. *Brown v. Katz*, 868 N.E.2d 1159, 1166 (Ind.App. 2007). As to the confidentiality of the communication, the party must show that the communication was made on a confidential basis. *Penn Cent. Corp.*, 712

3

N.E.2d at 515. Further, any statements made by a client to his or her attorney which are intended, at any time, to be disclosed to a 3rd party lack the required confidentiality and are not subject to the privilege. *Owens v. Best Beers of Bloomington, Inc.*, 648 N.E.2d 699 (Ind.Ct.App. 1995). The applicability of the privilege must be established as to each question asked or document sought. *Brown*, 868 N.E.2d at 1166. Furthermore, since attorney-client privilege is often used to prevent the disclosure of relevant information, the privilege should be narrowly construed. *Howard*, 813 N.E.2d at 1222.

9. Here, Defendant cannot make the requisite showing needed to invoke the protection of the attorney-client privilege as to the documents sought by Plaintiffs. First, as to Mr. Sumner's reports, Defendant has not shown that, at the time Mr. Sumner's reports were generated, there existed an attorney-client relationship for the purposes of this litigation. Defendant also has not shown that Mr. Sumner's reports were communications to an attorney for the purpose of obtaining legal advice or aid regarding Defendant's rights and liabilities. Defendant only summarily states that the November 15, 2006 report was "made in anticipation of litigation" and that it was "*provided* to Morris Material Handling's Legal Department" and that the August 28, 2006 report was "prepared at the request of Morris material Handlin's legal counsel." Further, Defendant has not shown that the report generated by Mr. Sumner was a confidential communication. In fact, Defendant's answer to Plaintiffs' request to produce suggests that the November 15, 2006 report wasn't even generated with the intent of providing it to counsel, only that the report was "provided" to Morris Material Handling's Legal Department at some later time. There is no evidence as to whether either report was disclosed to others, such as Union Tank Car, thereby waiving Defendant's attorney-client privilege all-together. The fact of the matter is that Mr. Sumner performed inspections of the subject crane after the incident,

generated reports of his findings, and, at some point in time, the reports were provided to Defendant's legal department, and possibly others.

10.　　Secondly, as to the report generated by Mr. Waedekin, Defendant has also failed to make the requisite showing needed to invoke the attorney-client protection. Again, Defendant has made no showing that Mr. Waedekin's report was made for the purpose of obtaining legal advice or aid regarding Defendant's rights and liabilities. Again, Defendant only summarily states that the report is privileged and that it was generated "at the request of Morris Material Handling's legal counsel." Further, Defendant offers no evidence that Mr. Waedekin's report was a confidential communication in that there is no indication that Mr. Waedekin's report was not disclosed to others outside of Morris Material Handling.

11.　　Additionally, Defendants cannot rely on the work product doctrine in the non-disclosure of these documents. The work product doctrine was developed to protect the work of an attorney from encroachment by opposing counsel. *Dawson v. New York Life Ins. Co.*, 901 F.Supp. 1362, 1368 (N.D.Ill. 1995). Under Federal Rule of Civil Procedure, Rule 26(b)(3), the work-product doctrine applies to documents and other tangible things prepared in anticipation of litigation or for trial. Fed. R. Civ. Pro., 26(b)(3). It consists of a multi-level protection where that information most closely related to an attorney's litigation strategy is absolutely immune from discovery, while that information with more tenuous relationship to litigation strategy may be available in circumstances of hardship on the part of the discovery proponent. *Dawson*, 901 F.Supp. at 1368.

12.　　In the case at bar, Defendant cannot properly assert the work product doctrine as to Mr. Sumner's reports. Mr. Sumner inspected the subject crane two times shortly after the incident occurred and generated a report of his findings as to each inspection. However, as can

be seen by Defendant's response to Plaintiffs' Request to Produce, Mr. Sumner's November 15, 2006 report was only *provided* to in-house counsel for Defendant after it had already been generated and circulated.  As to his November 15, 2006 report, Mr. Sumner was not acting at the direction of counsel, nor is there any indication that, but for this litigation or prospect of litigation, Mr. Sumner would not have otherwise performed the inspection of the failed crane and/or generated a report of his findings.  As such, Defendant has failed to make the showing need to afford the protection of the work product doctrine as to Mr. Sumner's November 15 report.  Likewise, Defendant has failed to show that Mr. Sumner would not have otherwise performed his subsequent inspection and generated his November 28, 2006 report but for the prospect of litigation.  Since Defendant is in the business of repairing and maintaining overhead cranes, it is very likely that such an inspection and report would have been generated for the purpose of servicing the crane, independent of the prospect of litigation.

13.   Additionally, as to Mr. Waedekin's report, Defendant has again failed to make the requisite showing needed to invoke the protection of the work-product doctrine.  As is the case with Mr. Sumner's reports, there is no showing that, but for the prospect of litigation, Mr. Waedekin would not have been called upon to inspect the subject crane or generate his report.  As such, both Mr. Sumner and Mr. Waedekin's reports are freely discoverable.

14.   Alternatively, should this court find that the work-product doctrine applies to Mr. Sumner's report, Plaintiffs is nevertheless entitled to discovery of the reports.  Federal Rule of Civil Procedure, Rule 26(b)(3) provides that material that is subject to the work-product doctrine is discoverable "upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of the party's case and that the party is unable, without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. Pro.,

26(b)(3). Here, Mr. Sumner had access to the subject crane immediately upon the occurrence of the incident. As such, only Mr. Sumner and agents for Union Tank Car had the ability to inspect the crane shortly after the incident. Plaintiffs were not able to inspect the crane until approximately 9 months after the occurrence. Because Plaintiffs were unable to inspect the subject crane so close in time to the occurrence, Mr. Sumner's report is discoverable since Plaintiffs are unable to obtain the substantial equivalent of his report by any means.

WHEREFORE, Plaintiffs, MARION MISIAK and MARY BETH MISIAK, pray that this Honorable Court enter an order compelling Defendants, MORRIS MATERIAL HANDLING, a foreign corporation, d/b/a P&H Cranes, to disclose the statements and/or reports referred to in Defendant's Response to Plaintiffs' Request to Produce No. 15, and for any further relief that this Honorable Court deems appropriate and just.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC


By: _____/s/ Stephan D. Blandin_____
Attorney for Plaintiffs

Stephan D. Blandin, Esq.
ROMANUCCI & BLANDIN, LLC
33 North LaSalle St.
20th Floor
Chicago, IL 60602
Tel: 312-458-1000
Fax: 312-458-1004
Email: sdb@rblaw.net