6799-08001 TJA/JBC/JSS/nr

IN THE UNITED STATED DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARION MISIAK and MARY BETH MISIAK, ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MORRIS MATERIAL HANDLING, INC., ) <br> a Foreign Corporation d/b/a P&H CRANES, ) <br> P&H CRANES, Individually and as a Division ) <br> of MORRIS MATERIAL HANDLING, INC., ) <br> WHITING CORPORATION, a Foreign ) <br> Corporation, HUBBELL INCORPORATED, a ) <br> Foreign Corporation d/b/a GLEASON REEL ) <br> CORP., and GLEASON REEL CORP., a Foreign ) <br> Corporation a/k/a GRC INTERNATIONAL, ) <br> Individually and as a Division of HUBBELL ) <br> INCORPORATED, ) <br> Defendants. ) | NO:  07 C 6330 <br><br> Judge Darrah <br><br> Magistrate Judge Nolan |

## RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE

Defendant, MORRIS MATERIAL HANDLING, INC., by and through its attorneys, JOHNSON & BELL, LTD., for its Response to Plaintiff's Request to Produce, states as follows:

1. The statement of any party or other witness which is in possession or control of some person or entity other than himself or his attorney or insurer.

**RESPONSE:**

Defendant has no statements of any witness to the occurrence.

2. All medical records, medical reports, x-rays, lab reports and any and all other materials or data relating to the physical or mental condition of the plaintiff prior, and/or subsequent, to the alleged occurrence.

**RESPONSE:**

None except those provided to Defendant by Plaintiff.


PLAINTIFF'S EXHIBIT A

3. All photographs, slides, or motion pictures, whether in hard copy or in electronic form, of the plaintiff, of the scene of the occurrence, and/or of the subject crane and component parts, taken either before or after the occurrence.

**RESPONSE:**

Defendant has none except those provided to Defendant by Plaintiff and produced by Defendant in its Rule 26(a)(1) Disclosure.

4. A list giving the names, address and specialties of all expert witnesses (other than non-treating purely consultant experts who are not to testify at the trial), omitting all persons already listed above.

**RESPONSE:**

Defendant has none at this time, but reserves the right to disclose witnesses pursuant to the schedule agreed upon by counsel in the Proposed Scheduling Order.

5. Any and all documents, invoices, contracts, service records, correspondence, e-mail, and all other records, both electronic and hard form, reflecting any repair, maintenance, service, modification, alteration, and/or change of the subject crane and/or component parts performed by Morris Material Handling/P&H Cranes.

**RESPONSE:**

See Defendant's Rule 26(a)(1) Disclosure.

6. Any and all contracts, service contracts, work orders, maintenance orders, and bills for work relating to the subject crane and/or electronic limit switch, entered into by Morris Material Handling/P&H Cranes.

**RESPONSE:**

See Defendant's Rule 26(a)(1) Disclosure.

7. Any and all documents, invoices, and instruction manuals pertaining to the installation, assembly, and use of the subject crane and/or component parts.

**RESPONSE:**

See Defendant's Rule 26(a)(1) Disclosure.

8. Any and all service or maintenance manuals, instructions or other written material pertaining to the subject crane and/or component parts.

**RESPONSE:**

See Defendant's Rule 26(a)(1) Disclosure.

9. Any and all operating instructions or other written material or warnings produced by Morris Material Handling/P&H Cranes pertaining to the subject crane and/or component parts.

**RESPONSE:**

See Defendant's Rule 26(a)(1) Disclosure.

10. Any and all safety rules, regulations, manuals and/or instructions applicable to the subject crane and/or component parts and its repair, maintenance, and/or service.

**RESPONSE:**

Defendant objects to this Request as stated, as it is not limited in some manner as stated, Defendant would need to provide all OSHA, ASME and other possible entities that might be in possession of Defendant and relate to any aspect of safety for the subject crane. Counsel for Morris Material Handling, Inc. is ready to have a Local Rule 37.2 Conference to resolve this objection.

11. Any and all notices of recalls or other correspondence or e-mail directed by you to the users, ultimate users or anyone in the chain of command concerning any recall, service bulletin or similar materials with regard to subject crane and/or electronic limit switch, or any other similar models regarding potential injury due to the mechanism of the subject crane and/or electronic limit switch.

**RESPONSE:**

Defendant has none related to the subject crane or geared limit switch. Defendant is unsure what is meant by "other similar models" and therefore cannot respond to that request. Defendant did not manufacture the subject geared limit switch and has no record of having sold or installed the switch.

3

12. Any and all technical drawings pertaining to the subject crane and/or electronic limit switch, including, but not limited to: blueprints, shop drawings, working drawings, layout drawings, electrical schematic drawings, writing drawings, control circuitry drawings and said products.

**RESPONSE:**

None.

13. All records concerning any other incidents or accidents involving personal injury to individuals caused by any crane and/or component parts at Union Tank Car/UTLX from 2002 to present.

**RESPONSE:**

None.

14. All records, including copies of lawsuits or notices of claims, concerning any other incidents or accidents involving personal injury to individuals caused by any overhead crane and/or component parts serviced, repaired, or maintained by Morris Material Handling/P&H Cranes within the last five (5) years.

**RESPONSE:**

Defendant objects to this Interrogatory as being overbroad without limitation to the type of overhead crane, or limitation as to the type of accident or work performed by Defendant. Counsel for Morris Material Handling, Inc. is ready to have a Local Rule 37.2 Conference to resolve this objection.

15. Any and all records, OSHA reports, incident reports, investigation, statements, interviews, or photographs regarding the occurrence in which plaintiff was injured.

**RESPONSE:**

Defendant has the following statements:

Mike Thompson of 11/14/2006
Chris Schultz - Undated
Jason Warnecke of 11/13/2006
Ted Balltes of 11/13/2006
Larry Grening of 11/09/2006
Melvin Houzenga of 11/09/2006
Ted Liglit of 11/10/2006
Aaron Flores of 11/12/06

4

Each of these statements were prepared by individuals whose conduct may be at issue in this case, and all such statements were prepared at the request of counsel for defendant.

Doug Sumner reports of 11/15/06, and 11/28/06 regarding inspections of 11/7/06 and 11/17/06 respectively. For reasons stated in answers to interrogatories, privilege is claimed on these reports.

Curt Waedekin prepared a report on 8/18/07 regarding the inspection of 8/27/07 and privilege is claimed as stated in answers to interrogatories.

See attached incident report of 11/15/06.

16. Copies of any and all reports, memorandum, correspondence, e-mail, or other writings regarding all tests, experiments, studies, and simulations regarding the subject crane and/or component parts.

**RESPONSE:**

See Defendants Rule 26(a)(1) disclosure and response to #15 above.

17. Any and all proposed design changes, modifications or alterations to the subject crane and/or component parts.

**RESPONSE:**

With the exception of replacement of parts as disclosed, none.

18. Copies of any reports, notices, or writings evidencing any violations of statutes, rules, regulations, standards, ordinances, or any other regulatory code of the subject crane and/or component parts from 2002 to the present.

**RESPONSE:**

None known at this time.

19. Any and all documents requested as part of Answers to Plaintiff's Interrogatories directed to Morris Material Handling, Inc./P&H Cranes.

**RESPONSE:**

See Answers to Plaintiff's Interrogatories and 26(a)(1) Disclosure.

5

  Further responding, Defendant has claimed privilege to certain statements as stated above. Further, Defendant claims that pricing information, mark ups and other similar information is highly sensitive data and could affect Defendant's competitive advantage in the Market, especially with a competitor as a Co-Defendant. That data was redacted from Defendant's Rule 26(a)(1) Disclosure. Counsel for Morris Material Handling, Inc. is ready to have a Local Rule 37.2 Conference to resolve this objection.

                Respectfully submitted,

                JOHNSON & BELL, LTD.

                _____
                One of the Attorneys for Defendant,
                Morris Material Handling, Inc.

Thomas J. Andrews, Esq.
Joseph B. Carini, Esq.
Joshua S. Singewald, Esq.
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
#1829913